COMMONWEALTH *vs.* HENRY M. LIVERMORE.
SAME *vs.* JAMES EAGAN.
SAME *vs.* LOREN HAYDEN.

An indictment for unlawful sales of " spirituous and intoxicating liquors " is not supported by proof of sales of liquors which are intoxicating, but not spirituous.

*It seems*, that the members of any association of men, combining for the purpose of enforcing or withstanding the execution of a particular law, and binding themselves to contribute money for that purpose, are incompetent to sit as jurors on the trial of an indictment for violating that law.

It is within the discretion of the presiding judge to allow a juror, who resides in the same town with the defendant, to leave the panel before the commencement of the trial, and supply his place with another.

INDICTMENTS for being common sellers of " spirituous and intoxicating liquors." Trials before *Sanger*, J., who ruled that proof of three sales of liquor which was either spirituous or intoxicating would support an indictment in this form.

Eagan, before his case was opened to the jury, by leave of the court, inquired if any member of the panel belonged to the Carson League ; and one answered " that he was a member of said league ; that, as he understood it, the object of the society was to prosecute individuals for violation of the liquor law, so called ; that assessments were made upon the members for the purpose of carrying out the objects of the society; that his membership consisted in subscribing for stock ; that he had paid one assessment thereon, and expected to pay more assessments ; that, so far as he knew, the amount of his assessments would not be changed or affected in any way by the result of this indictment ; and that there was nothing, in the existence of his membership, to prevent his giving a fair and impartial verdict, according to the evidence." The defendant objected to the juryman, as dis-

qualified to sit on the case. But the judge overruled the objec-tion, and allowed him to remain on the panel.

Before the jury were empanelled in Hayden's case, one of the jurors requested to be excused from serving in this case, because he lived in the same town with the defendant. The judge asked the juror whether he had formed or expressed any opinion in regard to the case, or had any interest or bias in relation thereto ; and the juror answered he had not. The judge said that the reason assigned by the juror was not of itself a suffi-cient excuse; but, in the exercise of his discretion, directed the juror to leave the panel, and a supernumerary to take his place. The defendant objected, and contended that, as that juror was unprejudiced and not disqualified, the defendant was entitled to be tried by the panel as alphabetically arranged ; and his counsel cited, in this court, *Commonwealth* v. *Reed,* 1 Gray, 472 ; Rev. Sts. *c.* 95, §§ 20–23 ; *Commonwealth* v. *Stowell,* 9 Met. 574, 577.

The defendants, being each found guilty, respectively alleged exceptions to the rulings above stated.

*W. Griswold,* for the defendants.

*J. H. Clifford,* (Attorney General,) for the Commonwealth.

METCALF, J. The indictment, in each of these cases, charges the defendant with being " a common seller of spirituous and intoxicating liquors." On the trial of each, the jury were in-structed that proof of the defendant's being a common seller of liquors which were either spirituous or intoxicating would war-rant them to find him guilty. And if the charge can be legally regarded as a charge that the defendant was a common seller of spirituous liquors and also of those intoxicating liquors which are not spirituous, then the instruction was right; for proof of his being a common seller of either would show him to be guilty of a violation of the statute which prescribes a punishment for being such a seller of either. And it is doubtless enough for a conviction, to prove so much of an indictment as shows that the defendant has committed a substantive offence therein specified, although there be not proof to the full extent of the charge against him. 1 Chit. Crim. Law, 250, 558. *The King* v. *Hol-lingberry,* 4 B. & C. 329. But we cannot regard the charge in

question as a charge that the defendant was a common seller of both kinds of liquors; that is, of liquors that were spirituous and intoxicating, and also of intoxicating liquors which were not spirituous. We are of opinion that the liquors, of which he is alleged to be a common seller, are only those to which both the descriptive adjectives (spirituous and intoxicating) are applied in the indictment; and therefore that he cannot lawfully be convicted without evidence that he was a common seller of liquors of which both those adjectives are rightly descriptive. The words "spirituous" and "intoxicating" are not synonymous. There are intoxicating liquors which are not spirituous. In order, therefore, to decide that the defendant is legally charged in the indictment as a common seller of both kinds of liquors, we must hold that the word "liquors," after the word "spirituous," is to be understood, as if inserted, and was properly omitted, *brevitatis gratia;* and thus we must give judicial sanction to such an elliptical form of allegation as is not warranted by any principle of pleading, or by any precedent. A defendant indicted for stealing a black and white horse might as well be convicted, on proof that he stole either a black horse or a white one, by holding that he was properly charged with stealing a black horse and also a white one. See 2 Gray, 502, 503.

The indictment in *Commonwealth* v. *Giles,* 1 Gray, 466, not only charged the defendant generally with selling "spirituous and intoxicating liquors," but also specified three sales of "intoxicating liquors," describing them as "constituting and being three several sales of spirituous and intoxicating liquors." The decision in that case is therefore inapplicable to these.

In the second of these cases, (Eagan's,) the defendant excepted to the competency of a juror, because he was a member of an association called the Carson League. But, as the court has no knowledge of the assumed obligations of the members of that association, besides what the juror stated to be his understanding of them, we are not prepared to decide that, in this instance, a new trial should be granted because the juror was not set aside. We deem it to be our duty, however, to say that, in our judgment, the members of any association of men, com-

bining for the purpose of enforcing or withstanding the execution of a particular law, and binding themselves to contribute money for such purpose, cannot be held to be indifferent, and therefore ought not to be permitted to sit as jurors, in the trial of a cause in which the question is, whether the defendant shall be found guilty of violating that law.

In the third of these cases, (Hayden's,) we have no doubt that it was within the authority of the court, in its discretion, to excuse the juror for the reason assigned, although he was not legally incompetent to sit in the trial.

The misinstruction, in these cases, gives each of the defendants a right to a new trial.

*New trials in the court of common pleas*