# Allred v. The State.

*Indictment for Retailing without License.*

1. *Intoxicating liquors; Busby's Bitters.*—Intoxicating liquors, or bitters, are not necessarily spirituous, vinous, or malt liquors, as those terms are used in the statutes regulating the sale of such liquors by retail (Code, §§ 629, 4036-7); and the court can not assume, as matter of law, that *Busby's Bitters*, the ingredients of which are not proved, are within the terms of the statute, because shown to be intoxicating.

2. *Sufficiency of indictment; alternative averments*—A conviction can not properly be had under an indictment which charges that the defendant, not having taken out a license as required by law, "did engage in, or carry on, the business of retailing spirituous, vinous, or malt liquors, or intoxicating bitters," the last alternative averment not charging any offense.

FROM the Circuit Court of Dale.
Tried before the Hon. JESSE M. CARMICHAEL.

WM. L. MARTIN, Attorney-General, for the State.

McCLELLAN, J.—The appellant was convicted under an indictment which charged him with engaging in, or carrying on, the business of retailing spirituous, vinous or malt liquors, *or intoxicating bitters*, without a license. The evidence went to show that he engaged in and carried on the business of selling a compound called "Busby's Bitters," which he sold in quantities less than a quart. The evidence also tended to show that this bitters was an *intoxicating* liquor, and was purchased from defendant to be used, and

[Allred v. The State.]

was used, as a beverage.   It was not shown what ingredients entered into the composition of the bitters.   It does not appear that it was composed of any part of either vinous, spirituous, or malt liquors.   On this state of proof, the following charge was given at the instance of the State, and excepted to by the defendant: "If the defendant, in this county, and within the time covered by the indictment, did engage in, or carry on, the business of selling intoxicating bitters, commonly called 'Busby's Bitters,' in a place of less than one thousand inhabitants, in quantity less than one quart, then the defendant is guilty as charged, if it was .purchased and used as a beverage."

The giving of this charge was, in our opinion, an error, for which the judgment must be reversed.   The statute requires a license for engaging in the business of selling vinous, spirituous, or malt liquors.—Code, § 629.   The offense involved in carrying on such business without license can, of course, only be committed by the sale of liquors of one or another of the classes specified.   The liquor sold must be either "spirituous," "vinous," or "malt."   We do not understand either of these terms to be synonymous with "intoxicating liquors," or intoxicating bitters.   "Spirituous liquors," technically and strictly, include all liquors which contain alcohol in appreciable quantities.   In this sense, vinous and malt liquors are also spirituous, in that each contains spirits of alcohol.—*People v. Crilly*, 20 Barb. (N. Y.) 248; *State v. Giersch*, 98 N. C. 720.   But, in ordinary acceptation, the term "spirituous liquors" imports distilled liquors; and that the term is employed in this sense, in the statute under consideration, is manifest from the use of the superadded terms "vinous" and "malt," which have no office to perform, unless the phrase "spirituous liquors" is confined to the definition which it has in common parlance, denoting liquids which are the result of distillation.—*Attorney-General v. Baily*, 1 Ex. 281.   "Vinous liquors" are such as are made from the fermented juice of the grape.—*Wharley v. Spurgeon*, 38 Iowa, 467; *Adler v. State*, 55 Ala. 24.   The term "malt liquors" embraces porter, ale, beer, and the like, which are the result or product of a process by which grain—usually barley—is steeped in water to the point of germination, the starch of the grain being thus converted into saccharine matter, which is kiln-dried, then. mixed with hops, and,. by a further process of brewing, made into a beverage.

Liquor of either class may be intoxicating; but neither

[Allred v. The State.]

class, nor all of them combined, include all intoxicating liquours, beverages or bitters. A given liquor may, in other words, be in a high degree intoxicating, and yet be neither spirituous, vinous nor malt, within the sense of the statute. Fermented, or "hard" cider, is an illustration. "Cane' beer" is shown in the evidence in this case to be another. And there may be many others, so far as the proof in the case at bar, and common knowledge, to the contrary, extends. Certainly, we can not judicially know that *Busby's Bitters*, though shown to be intoxicating, is, or contains, either distilled liquor, or wine, or a "liquor prepared for drink by the infusion of malt." It was for the jury to say, whether the bitters proved to have been sold by the defendant was vinous, spirituous, or malt liquor, or contains liquors of either or all of these classes in appreciable quantities. The charge took this inquiry away from them, and required at their hands a verdict of guilty, if they found the liquor to be intoxicating simply, although they might also have believed that, notwithstanding its inebriating qualities, it was not within the terms of our statute.—*Comm. v. Grey*, 61 Amer. Dec. 476; *Comm. v. Livermore*, 70 Mass. 20; *State v. Oliver*, 26 W. Va. 422. The important difference between this and the case of *Wall v. State* is, that the question whether the bitters sold by the defendant Wall contained vinous, spirituous or malt liquors, was left to the jury as matter of fact; and in the case at bar, that question was in effect decided by the court, as a question of law.—*Wall v. State*, 78 Ala. 417.

We discover no error in the action of the trial court with respect to charges requested by the defendant. On the case as presented, they were properly refused.

It is proper that we should call attention to an·infirmity of the indictment, though no point was made on it in the court below. It charges, disjunctively, that defendant "engaged in, or carried on, the business of selling spirituous, vinous or malt liquors, *or intoxicating bitters.*" It is very clear from what we have said above, that the carrying on of the business of selling intoxicating bitters without a license is not necessarily an offense against our law. The disjunctive averment, therefore, charges no crime; and the whole indictment falls, under the rule which requires each alternative averment, in a case like this, to present an indictable offense.—*Horton v. State*, 53 Ala. 488; *People v. Tomlinson*, 35 Cal. 509; *Comm. v. Grey, supra*.

[Martin v. The State.]

Before defendant can be again tried, another indictment will have to be preferred, unless he consents to the amendment of the present one.

The judgment is reversed, and the cause remanded.