[Harrison v. The State.]
that the offense was committed within the territorial jurisdiction of the court. Had there been no instruction going to the sufficiency of the evidence to convict, no reversal could be had on account of this absence of evidence of *venue* from a bill of exceptions reciting that it contains all the evidence, there being no point made in that connection in the court below. But that is not the case here. The charge asserts that the evidence of the act charged, without any proof that it was committed in the county, is sufficient to authorize and support a conviction. This was error, which must work a reversal of the judgment.—*Hubbard v. State*, 72 Ala. 164.

# Harrison *v.* The State.

*Indictment for Selling Liquor without License.*

1. *Sale of imported liquors; original or broken packages.*—When spirituous liquors, or intoxicating bitters, manufactured in Missouri, are imported into Alabama by the manufacturer, consigned to his agent here for sale on commission, the box in which the bottles are inclosed is the "original package," and not the sealed bottles; and the box having been broken, the sale of a single bottle is punishable as a violation of the State statute.

FROM the Circuit Court of Choctaw.

Tried before the Hon. WM. E. CLARKE.

The indictment in this case contained four counts, the first charging that the defendant "sold spirituous, vinous, or malt liquors, *with* license, and contrary to law ; the second and third each, in the same words, that he sold such liquors "without license, and contrary to law ;" and the fourth, "that he engaged in or carried on the business of a retailer" of such

[Harrison v. The State.]

liquors, without a license, and contrary to law. The record does not show that any objection was interposed to the indict-ment. The defendant pleaded (1) not guilty, and (2) a special plea which alleged "that the sale alleged in said indictment was the sale of one or more bottles of the *Dr. Harter's Wild Cherry Bitters*, and nothing else; that said bitters were com-pounded or prepared by the Dr. Harter's Medicine Company, a firm doing business under that name and style at St. Louis, Missouri, as manufacturers and wholesale dealers in proprie-tary medicines; that said bitters is one of the proprietary medicines manufactured by said company, and is manufac-tured, used and sold as a medicine; that said bitters were im-ported by said company, from the State of Missouri into the State of Alabama, in a wooden case containing original sealed bottles of said bitters, and consigned to defendant, to sell on commissions and settle with said company for the net pro-ceeds of all sales, after deducting commissions for selling; that nothing was to be paid by defendant unless a sale of said bitters was effected; that said wooden case was opened, and said original sealed bottles were sold separately; that at the time of the sale or sales of said bottles the seal of the cork was unbroken, and said original sealed bottle was the property of said company, the original importer; that defendant only offered for sale the original sealed bottles, and sold nothing else; and that said bottles, at the time of selling and offering for sale, were the property of said original importer, and were not and never became the property of this defendant." The court sustained a demurrer to this plea, and this ruling is the only matter presented for revision.

TAYLOR & CARNATHAN, for appellant, cited *Leisy v. Hardin*, 135 U. S. 100.

WM. L. MARTIN, Attorney-General, for the State, cited *Keith v. State*, at present term; *Tinker v. State*, 90 Ala. 638.

COLEMAN, J.—The record contains no bill of exceptions, and we presume the evidence showed that the liquors sold were of the class averred by the indictment, and forbidden by the statute. In framing indictments for a violation of the law against retailing, and of local prohibitory laws, regard should be had to the legal distinction of the various kinds of liquors, the sale of which is prohibited, and what is necessary to con-stitute an indictment sufficient to include them all.— *Tinker v. State*, 90 Ala. 647; *Brantley v. State, ante*, p. 47; *Allred v. State*, 89 Ala. 112.

[Gibson v. The State.]

The only error assigned in the record for revision is, the judgment of the court sustaining the demurrer to defendant's second plea. The purpose of the plea was to raise the question as to when an "original package" becomes a "broken package." The plea states that the bottles were packed in wooden boxes, and shipped to the defendant, to be sold on commissions; that after the boxes were received, the defendant opened the boxes, took the bottles out, and sold the bottles of liquor separately. So far as the facts are presented in this plea, the precise question has been adjudicated.—*Keith v. State*, at present term, *ante*, p. 2.

The "original package" having been broken, the sale of each bottle of the prohibited liquor was a violation of the statute. The constitutionality of such statute has been too often recognized to require consideration. See, also, *Tinker v. State*, opinion by McClellan, J., 90 Ala. 638.

Affirmed.