# Roberson *v.* The State.

*Indictment for Unlawfully Selling or Otherwise Disposing of Spirituous, Vinous or Malt Liquors.*

1. *Indictment for violation of liquor laws; sufficiency of.*—Since the general statute regards only the "sale" of spirituous, vinous or malt liquors, and the local statute, applying to certain parts of Shelby county, prohibits the sale, gift, or other disposition of such liquors or "intoxicating bitters," an indictment charging that defendant "did sell, give away, or otherwise dispose of spirituous, vinous, or malt liquors, intoxicating bitters, or intoxicating drinks, without a license, and contrary to law," no particular part of the county within the prohibited district being mentioned, charges no offense under either statute.

2. *Intoxicating drinks.*—' Intoxicating drinks" are not necessarily either "intoxicating bitters," or "spirituous, vinous or malt liquors."

APPEAL from the County Court of Shelby.

Tried before the Hon. JOHN S. LEEPER.

The appellant was indicted, tried, and convicted under the following indictment: "The grand jury of said county charge that before the finding of this indictment that Ed. Robinson, alias Ed. Roberson, did sell, give away, or otherwise dispose of spirituous, vinous, or malt liquors, intoxicating bitters, or intoxicating drinks, without a license, and contrary to law, against the peace and dignity of the State

[Roberson v. The State.]

of Alabama." There is only one question presented on this appeal, and that arises upon the court's overruling the defendant's demurrer to the indictment. The grounds of demurrer interposed to said indictment were as follows: "First. Because there are three alternative or disjunctive averments in said indictment as follows: (1) 'did sell;' (2) 'give away;' (3) 'or otherwise dispose of,' liquor, &c., without a license and contrary to law; and two of said averments, viz. 'give away,' and 'otherwise dispose of,' liquor, &c., without a license, and contrary to law, do not charge any criminal offense known to the law. Second. Because it is alleged in the alternative that defendant sold,&c., (1) 'spirituous, vinous, or malt liquors;' (2) 'intoxicating bitters;' (3) 'or intoxicating drinks,'—without a license, and contrary to law; and because one of said alternative averments, to-wit: that he sold, &c., intoxicating drinks, without a license, and contrary to law, does not charge any criminal offense known to the law. Third. Because it charges that defendant gave away, or otherwise disposed of, liquor, &c., then this is not unlawful, unless it is charged to have been done in violation of some local [law (?)] prohibiting the same, and the indictment does not allege in what prohibited locality the liquor was given away or sold."

LONGSHORE & BEAVERS, and BROWN, McMILLAN & LEEPER, for the appellant.

WM. L. MARTIN, Attorney-General, for the State.

McCLELLAN, J.—The demurrer to the indictment in this case should, in our opinion, have been sustained. The indictment charges that the defendant "did sell, give away or otherwise dispose of spirituous, vinous or malt liquors, intoxicating bitters or intoxicating drinks without a license, and contrary to law, against the peace and dignity of the State of Alabama." Clearly the giving away charged alternatively is not an offense against the general laws of the State; and the same is true in respect of the charge that the defendant otherwise disposed of vinous, spirituous or malt liquors, &c., &c. And, as there are intoxicating bitters or intoxicating drinks which contain neither vinous, spirituous or malt liquors, (*Allred v. State*, 89 Ala. 112), even the sale of such bitters or drinks is not necessarily a violation of general laws on the subject. So that upon each of these considerations the indictment here charges no offense against the general statutes on the subject of the *sale* of spirituous,

[Roberson v. The State.]

vinous or malt liquors. But there is a special statute prohibiting the sale, gift and other disposition of spirituous, vinous or malt liquors or intoxicating bitters in *certain defined localities* in Shelby county where this indictment was found. Of this act we take judicial cognizance.— *Carson v. State,* 69 Ala. 235. The indictment pursues the language of this statute in charging the sale, gift or other disposition of spirituous, vinous or malt liquors, or intoxicating bitters, but it goes further and charges alternatively that the defendant "did sell, give away or otherwise dispose of . . . . . . intoxicating drinks," and it does not allege that the transaction occurred in one of the several separate districts within Shelby county to which the special act applies. There are intoxicating drinks—beverages—which are not, and do not contain, spirituous, vinous or malt liquors as we have seen. In the ordinary use of the terms "intoxicating bitters" and "intoxicating drinks"—in common parlance, as they must be held to have been used in this indictment and as the former is employed in the statute—they can not be said to mean the same thing. The illustration employed in *Allred's case, supra.* demonstrates this. Fermented or "hard" cider and "cane beer" are there referred to as being intoxicating beverages or drinks which yet contain no vinous, spirituous or malt liquor. It is equally clear that neither of these beverages is "intoxicating bitters." This term as it was manifestly employed in this statute is defined as "a liquor (generally a spirituous liquor) in which bitter herbs or roots are steeped." There is nothing of this sort about fermented cider or cane beer, and these intoxicating beverages are never spoken of as "bitters." As there may be many other intoxicating drinks or beverages which contain no spirituous, vinous or malt liquors, so there may be many other such beverages which are not "bitters" in any sense of the term. The indictment therefore charges in the alternative an act—the sale, gift or other disposition of *intoxicating drinks*—which is not necessarily and which the court can not affirmatively know to be an offense against either the general laws of the State or the special law having operation in some parts of Shelby county.

Again, the indictment, while the necessity to allege *venue* has been obviated by statute, must be taken to aver that the acts charged against the defendant were committed in Shelby without reference to the consideration whether they were committed in any one of the several prohibited districts within that county ; and its averments would be established by proof that the defendant gave away or otherwise disposed

[Young v. The State.]

of vinous, spirituous or malt liquors, or that he sold, gave away or otherwise disposed of intoxicating bitters in that part of the county which is not embraced in the special act. And while such proof would support the indictment, it would not make out a case under the general law, because a *sale* as contradistinguished from a gift or other mode of disposition is the gist of the offense under that law, and it would not present a case of guilt under the local law because the act proved was not committed in a locality to which that law applied. This demonstrates to our minds that the indictment is bad in this particular also. Every fact laid in some of its alternative averments may be admitted and it would not follow that the defendant has violated any law, general or specified, of the State of Alabama. If it was intended to charge an offense against the general law, the averments of a gift or other disposition of spirituous, vinous or malt liquors and of the sale, gift or other disposition of "intoxicating bitters or intoxicating drinks" should have been omitted. If it was intended to charge an offense under the local law the averments of a sale, gift or other disposition of "intoxicating drinks" should have been omitted, and there should have been a further averment to the effect that the act charged in the several disjunctive allegations was committed in a specified territory embraced in the prohibitory statute.

The judgment of the court is reversed and the cause remanded.