6 So.2d 595

### ACME FREIGHT LINES, Inc., v. CITY OF DOTHAN.

#### 4 Div. 244.

Supreme Court of Alabama.

Feb. 12, 1942.

Rehearing Denied March 19, 1942.

Martin & Jackson, of Dothan, for appellant.

T. E. Buntin, of Dothan, for appellee.

BOULDIN, Justice.

This proceeding under the Declaratory Judgment Statute is to determine the license or privilege taxes appellant is due to pay the City of Dothan. The validity of a city ordinance is in question.

Appellant is a Florida corporation, qualified to do business in Alabama. It is a common carrier of freight by motor trucks; it is engaged in interstate and intrastate transportation; it maintains a place of business, an office, warehouse and freight terminal in Dothan, where its trucks take on merchandise for transportation to other cities and towns in Alabama, and deliver merchandise from other cities and towns in Alabama. Subsequent to an amendatory ordinance of the city, effective February 27, 1941, and prior to the filing of this suit, appellant maintained such station and operated more than five trucks to and from this station. The city ordinance of February 27, 1941, levied license taxes as follows:

"(a) For any motor freight carrier receiving or delivering freight within the corporate limits of the City of Dothan for transportation for hire between the City of Dothan and any other town or point in Alabama—$100.00

"(b) In addition thereto for each terminal or station facility or motor freight carrier or carriers, where not more than five (5) trucks are operated, per annum—$50.00

"(c) Where more than five (5) trucks are operated, per annum—$100.00

"(Any transportation company operating through a licensed bus station shall not be required to pay the license herein fixed)."

The city claimed taxes due from appellant under both "(a)" and "(c)." The tax under (a) had been previously paid under original ordinances. Appellant denied liability for a further tax under (c). Hence this appeal.

The governing statute is Section 31 of the Motor Carrier Act, approved July 5, 1940, now appearing as § 301 (31) of

Chapter on Motor Vehicle Carriers, codified as §§ 301 (1) to 301(51) of Title 48, Code of 1940, found in Pocket Parts to Volume 7, containing Titles 46 to 51.

§ 301 (31), p. 31 of Pocket Part, supra, reads:

"Any incorporated city or town in this state shall have the right by proper ordinance to tax and collect reasonable privilege license or taxes from any *motor bus terminal,* or any person operating any terminal or station facilities for transportation of passengers, property or express, transported by motor carriers, and any motor carrier as defined by this article where such motor carrier does business in said city or town by receiving passengers or freight for transportation for hire between said city or town and another point in Alabama." (Italics supplied.)

(Here follows maximum tax graduated on a population basis) and concludes: "And provided further that said privilege license or tax shall, in cases of motor buses, include the privilege of receiving and discharging both passengers and express."

■ The genesis of this statute, as noted in briefs, may be looked to in aid of its construction.

The first comprehensive Motor Carrier Act was enacted in 1927. General Acts 1927, p. 309. This act carried no provision for municipal license or privilege tax on motor carriers.

The Motor Carrier Act of 1931, did confer power to levy a privilege or license tax on motor transportation companies doing "business in said town or city by receiving passengers or freight for transportation for hire from said city or town to another point in Alabama or from other points in Alabama to said city or town." This act prescribed the maximum tax graduated on a population basis. General Acts of 1931, p. 324, § 59.

The Motor Carrier Act of 1932, General Acts Extra Session 1932, p. 178, carried Section 40, p. 189, saying: "Any incorporated city or town in this State shall have the right, by proper ordinance, to levy and collect reasonable privilege license taxes from all common carriers and contract carriers where such common carriers or contract carriers do business in said town or city by maintaining depots, stations, or terminal facilities therein and/or by receiving passengers or freight for transportation for hire from said city or

town to another point in Alabama, or from other points in Alabama to said city or town."

Like provision for a graduated tax appeared in this act. This act of 1932 was embodied in the text of Title 48 (Public Utilities) §§ 270 to 301, inclusive, Code of 1940. But Section 40 of the act of 1932, supra, was transferred with some amendment, to Tit. 37 (Municipal Corporations) § 746. The words "and/or" in the act of 1932, was changed to "or" in § 746.

The act of July 5, 1940, carried into the New Code as above shown, is the latest expression of the legislative mind, and § 301 (31) is to be given effect.

The substantial change wrought by this section from the corresponding section of the act of 1932 is this:

By the act of 1932 the privilege tax for the business of maintaining terminal facilities in the city was limited to common carriers or contract carriers.

§ 301 (31) includes "any person" operating a "Bus Terminal," a passenger station, including express, for transport by motor carriers, of "any person" operating a freight station, a facility for transporting freight by motor carriers, such as truck lines.

The privilege of operating such terminal facilities as a local place of business in the city is thus classified as a subject for license tax. The word "person" is defined in the same act, § 301 (1), to include an "individual * * * corporation, company, association."

■ The intent seems clear enough to subject any corporation or association operating such terminal facility to the privilege tax, whether or not otherwise engaged in transportation of passengers or freight.

The second clause of § 301 (31), connected by the conjunction "and," subjecting a motor carrier to a tax for the privilege of transporting freight or passengers between such city and other Alabama points, runs through all the Acts, 1931, 1932, 1940. "Any person, firm or corporation * * * engaged in two or more of the businesses * * * for which a license is or may be required, shall take out and pay for a license for each line of business." Tit. 37 (Municipal Corporations); § 756, Code of 1940.

Applying this general law to the case in hand, we conclude the trial court properly

held appellant liable for both licenses levied by the city ordinance of February 27, 1941.

Affirmed.

GARDNER, C. J., and THOMAS and FOSTER, JJ., concur.