13 So.2d 572

### BAGGETT et al. v. JACKSON.
### 6 Div. 56.

Supreme Court of Alabama.

April 22, 1943.

Rehearing Denied June 3, 1943.

Lange, Simpson, Brantley & Robinson and Oliver W. Brantley, all of Birmingham, for appellants.

Taylor, Higgins & Windham and J. Howard Perdue, Jr., all of Birmingham, for appellee.

LIVINGSTON, Justice.

The suit is by Emma Jackson against A. B. Baggett and the Highway Insurance Underwriters, an unincorporated association.

The action is in tort for damages for personal injuries sustained by the plaintiff when an automobile in which she was riding collided with a motorbus belonging to defendant Baggett, and being operated at the time under the Alabama Motor Carriers Act of 1939.

Following the usual allegations of negligence of the driver of the motorbus, the injuries sustained, etc., the complaint, consisting of one count, alleges, in substance, that at the time plaintiff was injured, the defendant A. B. Baggett was engaged in the business of operating a motorbus as a common carrier of passengers under the provisions of the Alabama Motor Carriers Act of 1939 (Acts 1939, page 1064, Title 48, § 301(16), Code of 1940, cumulative pocket part), and had procured from defendant Highway Insurance Underwriters a policy of insurance, as provided in said Act, and that the same was in full force and effect, and on file with and in the custody of Alabama Public Service Commission. The insurance policy was attached to and made a part of the complaint, and there is no dispute as to its terms.

The appeal presents but one question—the right of a party injured by a motorbus operating under the Motor Carriers Act of 1939 to join the insurer with the owner and operator of the motorbus in an action for damages for said injuries.

The genesis of the statute here involved (Acts of 1939, page 1064, Title 48, section 301(16), cumulative pocket part, Code of 1940) may be looked to in aid of its construction. Acme Freight Lines, Inc., v. City of Dothan, 242 Ala. 468, 6 So.2d 595.

The first comprehensive motor carriers act was enacted in 1927. General Acts 1927, page 309, and was followed by the Acts of 1931 (General Acts 1931, page 303, Code 1940, Tit. 48, §§ 239–269, and of 1932 (General Acts, Special Session, 1932, page 178, Code 1940, Tit. 48, §§ 270, 271, 273–301), and the Act of 1939, supra.

In the case of Employers Ins. Co. v. Johnston, 238 Ala. 26, 189 So. 58, 62, this Court said:

"The remedy provided by section 8377, Code [Code 1940, Tit. 28, § 12], is dependent upon the legal effect of the contract rights of the injured party against the insurer. The written contract is controlled by the statute in fixing those rights. The remedy is none the less available if the rights of the injured party are primary and not derivative, if such be its meaning considered in the light of the statute. By the express terms of the Acts of 1932, 1931, and 1927, pages 309, 313, the policy of insurance shall be for the protection of the public.

"We held in Fidelity & Casualty Co. v. Jacks, 231 Ala. 394, 165 So. 242, that this meant what it said in a true sense, though the assured had not complied with the contract in respect to the identity of the vehicle in service.

"And in McWhorter Transfer Co. v. Peek, 232 Ala. 143, 167 So. 291, we held as to the Act of 1932, that both insurer and assured could be jointly sued, as had been held under the Act of 1927, and of 1931 in Hodges v. Wells, 226 Ala. 558, 147 So. 672, and likewise under the Act of 1932, here in question, in Auto Mutual Indemnity Co. v. Moore, 235 Ala. 426, 179 So. 368.

"The Act of 1931 contains a provision not in that of 1932, not only protecting the injured party, which is in both acts, but also the following: 'which shall bind said surety (insurer) to pay any judgment rendered against the motor transportation company, notwithstanding any provisions in such insurance policy to the contrary.' Gen.Acts 1931, p. 312, § 13. So that in so far as that Act is concerned, there can be no question but that the defense now offered would not be available, by the express terms in which it is stated.

"The argument is that the omission of those terms from the Act of 1932 serves to create the status of the injured party as one of derivative standing. Much significance is laid to such omission in comparing the two acts in this respect.

"Another difference is that the Act of 1931 expressly authorizes an action against the insurer by the injured party, but not so in the Act of 1932. But the Act of 1932 is made expressly for the protection of the public. We have a long line of cases holding that when a contract is made expressly for the benefit of another, not a party to it, he may sue on it. Fidelity & Deposit Co. v. Rainer, 220 Ala. 262, 125 So. 55, 77 A.L.R. 13. And so we held in the Moore case, supra, that a suit against the insurer by the injured party was available under the Act of 1932."

And in the case of Watkins v. Reinhart, 243 Ala. 243, 9 So.2d 113, 115: "The first contention here made by appellant is that the surety's liability is contractual and it is not liable in a tort action for the misfeasance or nonfeasance of the insured. This contention is without merit. The statute prescribes that the liability assumed, whether evidenced by bond or policy of insurance shall be 'for the protection of the public (other than the passengers of, or the shippers of freight by, such carrier) in the collection of damages for which the carrier may be liable by reason of the operation of any motor vehicle subject to the provisions of this article,' and is limited to 'five thousand dollars for the death of or injury to any one person, and ten thousand dollars for the damages caused by any one accident or occurrence.' Code of 1940, Tit. 48, § 295. These provisions by force of the statute must be read into the contract of indemnity, and while as between the insurer and the insured the insurer's liability is contractual, as to third persons falling within its protection the insurer stands, so to speak, in the shoes of the insured, and is subject to suit jointly with the carrier in an action of tort. Employers Ins. Co. of Alabama v. Johnston, 238 Ala. 26, 189 So. 58; Fidelity & Casualty Co. of N. Y. v. Jacks, 231 Ala. 394, 165 So. 242; Auto Mutual Indemnity Co. v. Moore et al., 235 Ala. 426, 427, 179 So. 368; State v. Alabama Power Co., 230 Ala. 515, 162 So. 110."

But the question here presented is not whether the rights of the injured party are primary as distinguished from derivative. Admittedly, his rights are primary. The real question is, what are the injured party's rights?

The Motor Carriers Act of 1939, section 16, page 1076, Title 48, section 301, subsection 16, cumulative pocket part, Code of 1940, provides, in pertinent part, as follows: "§ 301(16). Security for the protection of the public.—A. No certificate or permit shall be issued to a motor carrier or remain in force, and no motor carrier subject to the provisions of this article shall engage in any operation on any high-

way of this state, unless such carrier complies with such reasonable rules and regulations as the commission shall prescribe governing the filing and approval of surety bonds, policies of insurance, qaulifications as a self-insurer or other securities or agreements, in such reasonable amounts as the commission may require, conditioned *to pay,* within the amount of such surety bonds, policies of insurance, qualifications as a self-insurer or other securities or agreements, *any final judgment recovered against such motor carrier for bodily injuries to or the death of any person resulting from the negligent operation, maintenance, or use of motor vehicles under certificate or permit, or for loss or damage to property of others."* (Italics supplied.)

The policy sued on contains the following provision: "No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the conditions hereof, nor until the amount of the insured's obligation to pay shall have been determined either by final judgment against the insured after actual trial, or by a written agreement of the insured, the claimant and the company."

Unquestionably, this Court held, in construing the Acts of 1927, 1931 and 1932, that it was proper to join the insurer in an action against the assured. Authorities supra.

▇ These decisions are based on the language of the several acts, to the effect that the Alabama Public Service Commission shall require parties operating under the provisions of the acts to provide bonds or insurance for the protection of the public and *to pay damages* for which the carrier may be liable for by reason of the operation of any motor vehicle subject to the provisions of the acts. Under these acts the liability attached at the time the injury occurred.

Clearly, the 1939 Act does not require bonds or insurance so conditioned. The only requirement is, that the bond or insurance be conditioned to pay "any final judgment recovered against such motor carrier," etc. There can be no liability on the part of the insurer until a judgment is rendered. True, the Act of 1931 carried a provision in respect to the payment of judgments, but it also carried a provision in respect to the payment of damages.

▇ Although the injured party's right against the insurer under the Act of 1939 is primary, and not derivative, and he may maintain an action against the insurer, his action is on the judgment and does not exist until a judgment is rendered against the carrier. This is the plain, unambiguous language of the statute.

It follows that the Highway Insurance Underwriters was not a proper party to the suit against the carrier.

Reversed and remanded.

All the Justices concur, except THOMAS and BROWN, JJ., who concur in part and dissent in part.

BROWN, Justice (concurring in part and dissenting in part).

I concur in the interpretation of the Alabama Motor Carrier Act of 1939 [Supplement Code 1940, Tit. 48, § 301, Subsection 16], as not authorizing a joint action against the motor carrier and the insurance carrier on claims for damages for personal injury caused by the negligence of the carrier or its servants in the operation of the motor carrier's vehicle.

My concurrence, however, is registered with some reluctance for the reason that the policy engages, "to pay on behalf of the insured all sums which the insured shall become obligated to pay by reason of the liability imposed upon him by law for damages, including damages for care and loss of service caused of bodily injury, including death at any time resulting therefrom sustained by any person or persons caused by accident and arising out of ownership, maintenance or use of the automobile." And for the further reason that the provisions in the act restricting liability to pay, "any final judgment recovered against such motor carrier," is embodied in the act under the heading, "Security for the protection of the public." The provision as a whole is clearly for the benefit of the insurance carrier and contemplates the prosecution of two successive actions by the members of the public suffering injury before justice can be done. This at best is a doubtful "security for the protection of the public." The purpose of such restriction, no doubt, was embodied in the act so as to enable the insurance carrier to defend under cover without disclosing its identity to the court and jury. Nevertheless, in the face of the provision of the act making such insurance essential to the issuance of

a permit to the motor carrier to operate on the public highways, it is a matter of common knowledge that such carriers are insured against liability and juries may take note of this fact without evidence. We quote: "That courts will take judicial notice of *what everybody* else is *presumed to know,* and juries are permitted to find such fact, without specific proof being adduced in its support. Wall v. State, 78 Ala. 417; Adler v. State, 55 Ala. 16. Ib." Mayfield's Digest of Alabama Decisions, p. 437(a) 3.

I do not concur in the reversal of the judgment as to either of the parties. The question of misjoinder of parties was raised by a joint demurrer to the complaint by both parties. The judgment is a joint judgment and the appeal is a joint appeal. The assignments of error are joint and the case was submitted without an order giving the appellants leave to sever in the assignments of error. Under the rule of our decisions for more than a half century, it is settled that unless the errors so assigned prejudice the rights of both parties, they cannot be sustained. Alabama Digest, vol. 2, Appeal and Error, pp. 620–627, ☞ 713(1) to 721(1).

Moreover, the appeal is on an abridged record which recites: "The evidence with reference to the occasion of the injury is not set out in the bill of exceptions for the reason that all the points on appeal are confined to the right of the plaintiff to sue upon the said insurance policy introduced in evidence." The burden was on each of the appellants to show error and injury. In treating the assignments of error as separate and not joint, there was nothing here to show that the appellant Baggett was prejudiced by the judgment. In fact his liability is not questioned nor is the amount recovered questioned as excessive. The reversal, if at all, should be limited to the appellant Highway Insurance Underwriters. Southern Ry. Co. v. Harris, 207 Ala. 534, 93 So. 470; Young v. Woodward Iron Co., 216 Ala. 330, 113 So. 223; Woodfin et al. v. Curry, 228 Ala. 436, 438, 153 So. 620; Tullis v. Blue, 216 Ala. 577, 114 So. 185.

The liability of the motor carrier not being questioned and there being no question as to the amount of the recovery, and the recovery being within the limits of the obligation of the policy, the record when considered as a whole, fails to show prejudice from the ruling of the court on the demurrer to the complaint as to either of the appellants.

I, therefore, respectfully dissent from the conclusion as to the reversal of the judgment.

I am authorized to state that Mr. Justice THOMAS concurs in the foregoing.