HOLMES, Judge.
This is a tax case which presents questions concerning the right of a municipality to impose a license tax on a motor carrier engaged solely in interstate commerce.
The City of Dothan filed suit against Transus, Inc., a common carrier of freight, to collect a license tax the city claimed was due under a Dothan city ordinance for the 1983-84 fiscal year. The case was presented to the trial court upon a set of stipulated facts, and no other evidence was introduced. The trial court entered a judgment against Transus in the amount of $300.
Transus, through able counsel, appeals. We affirm.
According to the stipulated facts, Tran-sus maintains a terminal within the Dothan municipal boundaries for use in its business of transporting freight and goods. The terminal is used solely in connection with Transus’s business of transporting freight from points outside the State of Alabama to points within the state, i.e., the terminal is used solely in interstate commerce. Transus engages in no intrastate commerce within the State of Alabama.
The city claims that Transus is liable for the license tax provided by section 5-19(254) of the city’s ordinances.
Section 5-19 sets forth an annual license tax schedule for persons engaged in business within the corporate limits of the city. Under paragraph (254) of section 5-19, the license tax is imposed upon motor carriers as follows:
“(254) TRANSPORTATION OF FREIGHT. Where license is subject to Alabama Public Service Commission or Interstate Commerce regulations (See Sec. 301 (31), Title 48, Code of Ala.):
“(a) For any motor carrier receiving or delivering freight, goods, wares or merchandise including household furnishings within the corporate limits of the city for transportation for hire between the city and any other town or point. 100.00
“(b) In addition thereto for each terminal or station facility of motor carrier or carriers, where not more than 5 trucks are operated, per annum. 50.00
“(c) Where more than 5 trucks are operated, per annum. 100.00”
Dothan, Ala., Code § 5-19(254) (1948).
The parties agree that Dothan promulgated and adopted section 5-19(254) pursuant to the authority granted to it by Ala. Code (1975), § 37-3-33(a). This statute provides in part:
“Any incorporated city or town in this state shall have the right by proper ordinance to tax and collect reasonable privilege license fees or taxes from any motor bus terminal or any person operating any terminal or station facilities for transportation of passengers, property or express transported by motor carrier and any motor carrier as defined by this chapter where such motor carrier does business in said city or town by receiving passengers or freight for transportation for hire between said city or town and another point in Alabama.”
*181 Transus contends that Dothan, pursuant to section 5-19(254), placed a license tax on its business activity which is solely part of interstate commerce. Transus contends that the city had no authority to impose such a tax under the enabling state legislation, § 37-3-33(a).
We agree with Transus that § 37-3-33(a) does not authorize the imposition of a license tax on the business of motor carriers engaged in interstate commerce. Rather, the statute authorizes municipalities to impose such a tax on “any motor carrier ... [which receives] passengers or freight for transportation for hire between said city or town and another point in Alabama,” i.e., intrastate commerce.
However, § 37-3-33 also authorizes a municipality to impose the license tax on “any person operating any terminal or station facilities for transportation of passengers, property or express transported by motor carrier,” regardless of whether such transportation is part of intrastate or interstate commerce. Pursuant to this provision of § 37-3-33, the city was clearly authorized to impose the license tax on a motor carrier like Transus with a terminal in the Dothan city limits. Acme Freight Lines, Inc. v. City of Dothan, 242 Ala. 468, 6 So.2d 595 (1942). See also Ala.Code (1975), § 32-5-l(b). Dothan has provided for the imposition of a license tax under such circumstances in subparagraphs (b) and (c) of section 5-19(254), set forth above.
To this court the $300 judgment against Transus is authorized by that portion of the city’s ordinance which imposes a license tax on a motor carrier with a terminal and more than five trucks operating from that terminal, section 5-19 (254)(c).
We disagree with Transus’s contention that subparagraphs (b) and (c) of section 5-19(254) must be construed as providing for a license tax only in addition to that provided in subparagraph (a) of the ordinance. Transus argues that subparagraph (a) is invalid and that, therefore, subpara-graphs (b) and (c) are tainted as well.
To this court subparagraphs (b) and (c) of the ordinance are complete within themselves and capable of execution wholly apart from subparagraph (a). In such a case, Transus may be subject to the license tax under subparagraph (c), regardless of the validity of subparagraph (a). See Wilkins v. Woolf, 281 Ala. 693, 208 So.2d 74 (1968).
We should not be understood as implying that subparagraph (a) of section 5-19(254)
is, in fact, invalid. We do not address that issue because there is no need to do so. Transus was subject to the separate license tax provided by subparagraph (c) of the ordinance.
It appears that, contrary to Transus’s contention, the evidence is sufficient to support the $300 judgment. The stipulated facts provide that Transus maintains a terminal within the Dothan city limits with more than five trucks operating therefrom. Section 5-19(254)(c) imposes a license tax of $100 annually where a motor carrier maintains such a terminal. The trial court thus did not err in entering a judgment against Transus for $300, as said sum would cover the 1983-84 fiscal year and the two subsequent years during which the case was tried. We particularly note that, in the city’s complaint filed against Transus, the city claimed that the license tax was due for three years.
Transus also contends on appeal that, if Ala.Code (1975), § 37-3-33, is deemed to apply to it, then the statute must be found to violate the commerce clause of the United States Constitution. See U.S. Const, art. I, § 8, cl. 3. Because its business activity in Alabama is solely part of interstate commerce, Transus contends that, if § 37-3-33 authorizes a license tax against it, then the statute is invalid as an impermissible burden on interstate commerce.
A state tax is not per se invalid because it is levied on interstate commerce. Commonwealth Edison Co. v. Montana, 453 U.S. 609, 101 S.Ct. 2946, 69 L.Ed.2d 884, rehearing denied, 453 U.S. 927, 102 S.Ct. 889, 69 L.Ed.2d 1023 (1981); Com *182 plete Auto Transit, Inc. v. Brady, 430 U.S. 274, 97 S.Ct. 1076, 51 L.Ed.2d 326, rehearing denied, 430 U.S. 976, 97 S.Ct. 1669, 52 L.Ed.2d 371 (1977). Rather, when a state tax is challenged under the commerce clause, the court reviewing the same should focus on the practical effect of the tax. Commonwealth Edison, 453 U.S. at 616, 101 S.Ct. at 2952; Hughes v. Oklahoma, 441 U.S. 322, 99 S.Ct. 1727, 60 L.Ed.2d 250 (1979). The court should inquire whether the challenged tax is applied to an activity with a substantial nexus with the taxing state, whether it is fairly apportioned and does not discriminate against interstate commerce, and whether it is fairly related to services provided by the state. Commonwealth Edison, 453 U.S. at 617, 101 S.Ct. at 2953; Complete Auto Transit, 430 U.S. at 279, 97 S.Ct. at 1079.
The initial burden, however, of establishing that the challenged tax statute discriminates against interstate commerce rests with the party challenging the validity of the statute, i.e., Transus. See Hughes, 441 U.S. at 336, 99 S.Ct. at 1736. Transus has failed to meet this burden. Although it strongly contends in brief that § 37-3-33, if applied to interstate commerce, will have a discriminatory effect, the record is devoid of evidence which could possibly support this contention. As already noted, the only evidence presented to the trial court was that contained in the parties’ joint stipulation of facts. Nothing in that stipulation supports Transus’s contention that § 37-3-33 unfairly discriminates against common carriers’ conducting interstate business.
An argument could be made that the imposition of a license tax merely on the privilege of maintaining a terminal in the city, as in this case, regardless of the nature of the carrier’s business activity, does not discriminate against interstate commerce. We need not reach this issue, however, due to Transus’s failure to present any evidence which would demonstrate that § 37-3-33 has ar.y discriminatory effect upon interstate commerce.
We find no error by the trial court in entering judgment against Transus for the license tax claimed by Dothan. This case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.