Beer is beer, and spirituous liquor is spirituous liquor. In the majority opinion in *Page 894 Espey v. Convenience Marketers, Inc., 578 So.2d 1221 (Ala. 1991), beer became spirituous liquor in spite of this Court's holding in Tinker v. State, 90 Ala. 647, 8 So. 855 (1891), andAllred v. State, 89 Ala. 112, 8 So. 56 (1890), that it was not. The majority distinguished Espey from Tinker and Allred, saying:
 "[The] definition of 'spirituous liquor' [in Tinker and Allred] was based on licensing and criminal statutes that specifically delineated between various types and classes of 'liquors.' The Civil Damages Act is neither a criminal statute nor a licensing provision. Instead, both as it was originally enacted, and as it exists recodified today, the Civil Damages Act is a provision that creates a cause of action."
578 So.2d at 1227-28.
In McIsaac v. Monte Carlo Club, Inc., 587 So.2d 320 (Ala. 1991), this Court held that the Dram Shop Act (Ala. Code 1975, §6-5-71) is penal in nature and that its purpose is to punish. The majority of the Court is now saying that the Civil Damages Act was enacted at about the same time as the Dram Shop Act (my research reveals that the Dram Shop Act was enacted two years after the Civil Damages Act). I assume from the transition in the majority opinion that because the two statutes were enacted at about the same time and because one of them (the Dram Shop Act, Espey) has been interpreted as being penal in nature, the other (the Civil Damages Act) may also be interpreted as being penal in nature, with its purpose to punish any person who unlawfully sells or furnishes spirituous liquors to a minor.
In Espey and in Laymon v. Braddock, 544 So.2d 900 (Ala. 1989), the majority of this Court refused to look to the Dram Shop Act for an interpretation of what liquor one was prohibited to sell to a minor under the Civil Damages Act, because the Dram Shop Act used the phrase "any liquor or beverages [that] cause the intoxication of such person," which clearly included beer and wine, and the Civil Damages Act used the phrase "spirituous liquor," which did not include beer or wine until the majority opinion in Espey was released. With the majority opinion in Espey in hand, the Court again looks to the judicial interpretation of the Dram Shop Act for guidance in interpreting the Civil Damages Act.
In my opinion, the Civil Damages Act is penal in nature; its purpose is to punish one who unlawfully sells "spirituous liquor" to a minor; and the Civil Damages Act creates strict liability in case of its violation. This is all the more reason for interpreting the phrase "spirituous liquor" as it was interpreted in other statutes that were penal in nature.Tinker and Allred. Therefore, beer is not "spirituous liquor." If I were the legislature, I would amend the Civil Damages Act by substituting the phrase "any liquor or beverages that cause intoxication" for the phrase "spirituous liquors." However, our constitutional separation of powers compels me to interpret what the legislature has enacted and not to legislate. So let it be written; so let it be done.