### TULLIS v. BLUE. (3 Div. 763.)

Supreme Court of Alabama.    June 15, 1927.

Rehearing Denied Oct. 20, 1927.

**1. Master and servant ⬅➔330(1)—Burden was on plaintiff to show automobile driver's negligence occurred while acting as owner's agent.**

Burden was on plaintiff, seeking to recover from the owner for injuries caused by negligence of owner's brother-in-law in driving automobile, to show negligent act was done by driver while acting as owner's agent.

**2. Master and servant ⬅➔301(1)—Family relationship and permitted use held not alone to render automobile owner liable for injuries by driver's negligence.**

The fact of family relationship or of permitted use or of both combined *held* not alone to furnish basis for liability of owner for injuries caused by negligence of his brother-in-law in driving automobile.

**3. Master and servant ⬅➔330(1)—Proof that defendant owned automobile at time of collision raised presumption driver was owner's agent, acting in scope of authority.**

Proof that defendant owned automobile, which another was driving at time of collision, raised a presumption that driver was the owner's agent, then acting within the line and scope of his authority.

**4. Master and servant ⬅➔332(1)—Presumptions of automobile driver's agency for owner are insufficient to take third person's injury suit to jury.**

Presumptions that automobile driver was owner's agent acting within scope of his authority at time of collision are not sufficient to take third person's suit against the owner for injuries thereby sustained to the jury, since the presumptions are not in themselves evidence but merely administrative for purpose of placing the burden of proof.

**5. Master and servant ⬅➔332(1)—Issue of automobile driver's agency for owner is for jury, on conflicting evidence.**

Issue of automobile driver's agency for the owner at time of collision causing plaintiff's injuries is for the jury, where evidence is conflicting or leads to doubtful inferences.

**6. Master and servant ⬅➔332(1)—Automobile owner is entitled to general affirmative charge, where undisputed evidence rebuts presumption of driver's agency.**

Issue of automobile driver's agency for the owner at time of collision causing plaintiff's injuries is not for jury, but defendant owner is entitled to general affirmative charge, where evidence without dispute rebuts the presumption of agency arising from the fact of ownership.

**7. Master and servant ⬅➔330(1)—Owner's testimony held conclusively to rebut presumption of automobile driver's agency.**

Owner's clear undisputed testimony that brother-in-law was not working for him and drove car without his knowledge on the occasion of collision conclusively rebutted the presumption of agency, in absence of affirmative evidence thereon, in suit against owner for injuries.

#### On Rehearing.

**8. Appeal and error ⬅➔1173(2) — Where one only of defendants against whom judgment was recovered appealed, error requiring reversal as to him held not to require reversal as to his codefendant also.**

Where one only of two defendants, against whom judgment for personal injuries from automobile collision was obtained, prosecuted appeal, error requiring reversal as to appellant did not require reversal as to his codefendant also, in the absence of something in the relation between them or in the nature of their liability rendering a reversal as to one only unjust.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

---

⬅➔For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

216 ALA.- 37

· Action for damages by George E. Blue against John W. Tullis and A. D. Haltiwanger. From a judgment for plaintiff, defendant Tullis alone appeals. Reversed as to appellant only, and remanded.

The complaint charges the defendant Tullis with liability for the injury to the plaintiff's car, resulting from the negligent operation of Tullis' car by the driver, Haltiwanger, on the theory that Haltiwanger was acting as the agent of Tullis in the operation of the car at the time of the collision. The trial judge instructed the jury that—

"The burden is upon the plaintiff to reasonably satisfy you from the evidence that the brother-in-law of Tullis (Haltiwanger) was there as the agent, driving that car as the agent of this defendant Tullis."

He refused to instruct the jury that—

"If they believe from the evidence in this case that the defendant Haltiwanger at the time of the collision complained of was not acting as agent for the defendant Tullis, you cannot find for the plaintiff against the defendant Tullis."

And refused also to give for defendant the general affirmative charge with hypothesis.

The jury found for the plaintiff against both defendants, Tullis and Haltiwanger, for $2,200, and defendant Tullis appeals.

Ball & Ball, of Montgomery, for appellant.

The owner of an automobile is not liable for the negligent use of same, except under the doctrine of respondeat superior. Parker v. Wilson, 179 Ala. 361, 60 So. 150, 43 L. R. A. (N. S.) 87; Armstrong v. Sellers, 182 Ala. 582, 62 So. 28; Powers v. Williamson, 189 Ala. 600, 66 So. 585; Erlich v. Heis, 193 Ala. 669, 69 So. 530; Gardiner v. Solomon, 200 Ala. 115, 75 So. 621, L. R. A. 1917F, 380; Beville v. Taylor, 202 Ala. 305, 80 So. 370; Hudgens v. Boles, 208 Ala. 67, 93 So. 694; Bradley v. Ashworth, 211 Ala. 395, 100 So. 663; Rush v. McDonnell, 214 Ala. 47, 106 So. 175. There was clear, undisputed, and convincing testimony to the effect that there was no agency or relation of master and servant existing between the owner and the driver. Appellant was entitled to the affirmative charge. Freeman v. Southern L. & H. Ins. Co., 210 Ala. 459, 98 So. 461; Rooks v. Swift & Co., 210 Ala. 364, 98 So. 16; Ford v. Hankins, 209 Ala. 202, 96 So. 349.

Ludlow Elmore and Richard T. Rives, both of Montgomery, for appellee.

The evidence sufficiently established the relation of master and servant between the defendant Tullis and defendant Haltiwanger. Freeman v. Southern L. & H. Ins. Co., 210 Ala. 459, 98 So. 461; Rooks v. Swift & Co., 210 Ala. 364, 98 So. 16; Ford v. Hankins, 209 Ala. 202, 96 So. 349; Berry, Law of Automobiles, 132.

SOMERVILLE, J. [1] To entitle the plaintiff to recover against Tullis in this case, it was necessary for him to show, besides the negligence of Haltiwanger in the operation of Tullis' car, that Haltiwanger was acting therein as the agent of Tullis at the time of the collision with plaintiff's car.

[2] The fact either of family relationship or of permitted use, or of both combined, did not furnish any basis for liability. Parker v. Wilson, 179 Ala. 361, 60 So. 150, 43 L. R. A. (N. S.) 87; Armstrong v. Sellers, 182 Ala. 582, 62 So. 28; Gardiner v. Solomon, 200 Ala. 115, 75 So. 621, L. R. A. 1917F, 380; Beville v. Taylor, 202 Ala. 305, 80 So. 370; Bradley v. Ashworth, 211 Ala. 395, 100 So. 663.

[3, 4] The plaintiff called the defendant Tullis as his witness, and relied upon his testimony to show the fact of Haltiwanger's agency; there being no other evidence on that issue.

The theory of plaintiff's counsel seems to be that, having shown by Tullis that he was the owner of the car, and that Haltiwanger was driving it with his implied consent, the presumption arises that Haltiwanger was the owner's agent, and that he was acting within the line and scope of his authority in the operation of the car at the time of the collision, and that these presumptions carried the issue to the jury, evidence to the contrary notwithstanding.

[5, 6] It is well settled that those presumptions do arise from proof of the defendant's ownership of the vehicle; but it is well settled also that they are prima facie presumptions merely, or, as they are sometimes called, administrative presumptions, based upon considerations of fairness and convenience in placing the burden of proof. They are not in themselves evidence, and in practice their effect is merely to impose upon the defendant the burden of showing that the driver was not his agent, or that, if he was, he was not acting within the scope of his authority or in the course of his employment. If the evidence thereon is in conflict, or leads to doubtful inference only, the issue should go to the jury. If, however, the evidence, without dispute, rebuts the facts thus presumed, there is no issue for the jury, and the general affirmative charge should be given for the defendant on request. Dowdell v. Beasley, 205 Ala. 130, 87 So. 18; s. c., 207 Ala. 709, 91 So. 921; Massey v. Pentecost, 206 Ala. 411, 90 So. 868; Ætna Explosives Co. v. Schaeffer, 209 Ala. 77, 95 So. 351; Ford v. Hankins, 209 Ala. 202, 96 So. 349; Rooks v. Swift & Co., 210 Ala. 364, 98 So. 16; Freeman v. Southern, etc., Ins. Co., 210 Ala. 459, 98 So. 461.

[7] In this case the testimony of Tullis is

clear, undisputed, and conclusive to the effect that Haltiwanger was not working for him, and was not out on his business on the night of the accident, and that he did not know Haltiwanger was going to drive the car on that occasion. This conclusively rebuts the presumptions relied on, and required the giving of the general affirmative charge for Tullis, as requested by him in writing.

It results that the refusal of that charge was error, for which the judgment must be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.

### On Rehearing.

SOMERVILLE, J. [8] The foregoing judgment of reversal was intended to affect the judgment appealed from only as against the appellant, Tullis. The defendant Haltiwanger did not appeal from the judgment rendered against him and Tullis, and there is no conceivable reason, in law or in justice, for reversing the judgment as rendered against Haltiwanger.

Our several older decisions, holding that the reversal of a joint judgment as to one codefendant required a reversal as to all, were cases in which all the defendants appealed. We will not apply the rule to cases in which only the prejudiced defendant has appealed, nor in any case unless there is something in the relation between the several defendants, and in the nature of their liability, which would render unjust a reversal only as to the appellant. This subject is discussed and the cases are reviewed in our recent case of Young v. Woodward Iron Co., 113 So. 223; 228, 229,[1] where we approved the rule as stated in 2 Ruling Case Law, 268, § 220, as follows:

"The tendency of modern decisions is, however, to modify the strictness of the common-law rule to the extent of holding that a judgment, though joint in form, is not necessarily entire, and that, where it is several in effect, and the adjudication as to one cannot affect the rights of the others, such judgment may be reversed as to some and affirmed as to others."

The order of reversal will be qualified, so as to reverse the judgment below only as to the appellant, Tullis. As against Haltiwanger, the judgment will be neither reversed nor affirmed, but will simply stand as though no appeal had been taken.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.

