## CONSTITUTION PUB. CO. et al. v. DALE.
### No. 11909.

Circuit Court of Appeals, Fifth Circuit.

Nov. 7, 1947.

Charles W. Greer and Geo. W. Yancey, both of Birmingham, Ala., for appellants.

D. G. Ewing and Earl McBee, both of Birmingham, Ala., for appellee.

Before McCORD, WALLER, and LEE, Circuit Judges.

LEE, Circuit Judge.

Plaintiff in the court below, appellee here, as administrator of the estate of Neo-

ma Dale, deceased, brought an action in the Circuit Court of Alabama, under the Alabama homicide statute, Code 1940, Tit. 7, § 123, against defendants, Constitution Publishing Company, Theatre Service Company, and one Wootsie Conger, jointly, for the wrongful death of plaintiff's intestate. On petition of the defendants, all citizens of Georgia, the action was removed to the District Court, S.D.N.D., Alabama. Subsequently, Wootsie Conger was dismissed as a party defendant.

Plaintiff alleged that on the early morning of November 25, 1945, a truck belonging to defendants Theatre Service Company and Constitution Publishing Company, and driven by Wootsie Conger, defendants' employee, collided with an automobile in which plaintiff's intestate was riding as a passenger. Plaintiff's intestate was killed as a result of the collision. The truck bore on its side the words "Atlanta Constitution" as well as the word "Mail" and the name of the Theatre Service Company. Answers to interrogatories submitted by plaintiff to the defendant Theatre Service Company, and by plaintiff introduced in evidence as part of his case, showed that Theatre Service Company was the owner of the truck and the employer of Conger, and that it was a corporation organized to engage in the business of a common carrier. What if any answers to the interrogatories submitted to it were made by the Publishing Company, does not appear. The jury's verdict was for the plaintiff against both corporate defendants, and the question before us is whether there was evidence sufficient to support that verdict.

■■ The Theatre Service Company, in addition to admitting ownership of the truck and employment of the driver Conger, further admitted that at the time of the accident Conger was acting within the scope of his employment and in furtherance of the business of his employer. There was evidence tending to show negligence on the part of Conger, and there was also evidence tending to show that the deceased might have been contributorily negligent. A question for the jury was thus presented, and we cannot say that as a matter of law the evidence against the Theatre Company under the doctrine of respondeat superior was insufficient to support the verdict.

The case is otherwise as to the defendant Publishing Company. As to it, plaintiff's claim of liability rests upon two contentions: (1) that the trade name "Atlanta Constitution" written upon the truck raises a presumption of ownership, absent any proof to the contrary; and (2) that even if that were not so, the Publishing Company and Theatre Service Company are to all intents and purposes one corporation, and hence the Publishing Company is liable for the torts of the Theatre Company as though it itself had committed the negligent act.

■ With respect to those contentions, the Alabama law must be our guide. Under that law, it is not clear whether the fact that the trade name "Atlanta Constitution" was on the truck is alone sufficient to raise a presumption of ownership by the Publishing Company. Assuming arguendo that it is, the presumption is not evidence of ownership, but only takes the place of evidence unless and until other evidence is produced to rebut it. Further, under the Alabama law an owner of a vehicle is liable for the negligence of the driver only when it is shown that the driver was the agent of the owner and acting within the scope of his authority and in furtherance of the owner's business. Upon proof of ownership of the vehicle, a presumption of agency arises, which, like the presumption of ownership itself, takes the place of evidence only until rebutted. Under the facts in this case, the liability of the Publishing Company as owner of the truck would be predicated upon the presumption of agency, that presumption itself being based upon the presumption of ownership arising out of the company's trade name being on the truck. The rule against basing one presumption or inference upon another holds in most jurisdictions, although the case of Cox v. Roberts, 248 Ala. 372, 27 So.2d 617, casts some doubt as to the rule in Alabama. Whatever the rule there, it is not material to the decision of the case before us, for plaintiff's own evidence, introduced by way of the answers to the interrogatories, shows that Theatre Service Company was the owner of the truck and the employer of

Conger. That evidence will not support a reasonable inference that the Publishing Company owned or jointly owned the truck, nor that it was the employer or joint-employer of Conger. The rule is that where a defendant produces clear and undisputed evidence that he is not the owner, he is entitled to the affirmative charge. Tullis v. Blue, 216 Ala. 577, 114 So. 185; Cox v. Roberts, supra. To say that plaintiff's undisputed evidence that one of two joint defendants is the owner (not the joint owner, but the owner) leaves a question as to whether the other defendant is the owner, is to exalt equivocation.

There remains then, but one possible basis for the liability of the Publishing Company. Was it in fact the alter ego of Theatre Service Company? In an effort to show that the Theatre Company was not only wholly owned by the Publishing Company, but also was so fully controlled by it as to amount to Theatre Company's being a mere conduit for the business of the Publishing Company, plaintiff points to the Theatre Company's answer to interrogatories that the officers in both corporations are the same, and to the testimony of Smith, general manager of Theatre Company, whom plaintiff put on the stand and questioned as to the relation of the two corporations. Smith did not know whether or not the officers of the Theatre Service Company were the same as those of the Publishing Company, nor whether all the stock of the Theatre Company was owned by the Publishing Company. He did know that the records of Theatre Company were kept at the Publishing Company's office, but he did not know why. Nor did he know who employed the officers of the Theatre Company. On the other hand, Smith testified that the Theatre Company, as a common carrier serving the public generally, hauled films and supplies for motion picture theatres, and newspapers for the Publishing Company as well as for other companies; and that the Publishing Company paid monthly for services to it "on a rate basis just like anyone else." He himself was paid by the Theatre Service Company.

As a matter of law, in Alabama as elsewhere, that testimony is not sufficient to prove that Theatre Service Company is a mere instrumentality of the Publishing Company. The rule is laid down by the Alabama Supreme Court in Brown v. Standard Casket Mfg. Co., 234 Ala. 512, 175 So. 358, 361: "'It may be stated as a general rule that the fact that a corporation owns the controlling stock of another does not destroy the identity of the latter as a distinct legal entity, and unless it be shown that such separate corporate existence is a mere sham, or has been used as an instrument for concealing the truth or perpetrating fraud, or where the organization and control of the subsidiary are shown to be such that it is but an instrumentality or adjunct of the dominant corporation, no liability may be imposed upon the latter for the torts of the subsidiary corporation.' * * * Berkey v. Third Avenue Railway Company, 244 N.Y. 84, 155 N.E. 58, 50 A.L.R. 599."

There is no showing that the corporate existence of Theatre Service Company is a sham, nor that it is used for concealment or fraud, nor that the organization and control was such as to make the Theatre Service Company an instrumentality or adjunct of the Publishing Company. In the absence of any such evidence the question is one of law and not one of fact. The evidence offered fell far short of proving the two corporations identical, and defendant Publishing Company had the right on this point also, to an affirmative charge.

Defendant Theatre Service Company urges that if the judgment appealed from be reversed as to the Publishing Company, it must also be reversed as to it, since, had an affirmative charge been given in favor of the Publishing Company in the court below, the jury might have been less generous in its award to the plaintiff.

Whether or not a joint and several judgment shall be reversed in its entirety is a matter resting solely within the discretion of the court. The criterion is, How may the ends of justice best be served? Washington Gas Light Co. v. Lansden, 172 U.S. 534, 19 S.Ct. 296, 43 L.Ed. 543; Tullis v. Blue, 216 Ala. 577, 114 So. 185. Damages awarded in an action brought under the Alabama homicide statute are punitive and not compensatory and

should be measured by the quality of the wrongful act and the degree of culpability involved. Jack Cole v. Walker, 240 Ala. 683, 200 So. 768. Plaintiff sued for $50,000 and the jury's verdict was for $8,500. Theatre Service Company could have been sued alone, cf. Atantic Coast Line R. Co. v. Carroll, 208 Ala. 361, 94 So. 820, and the damages assessed against it would have been based, as they are based in the joint verdict, upon the degree of culpability attributable to the driver of the truck. That remains the same whether he was employed jointly by the two corporations or only by one. The verdict would have been justified as against Theatre Service Company had it been the sole defendant. Upon consideration of all the circumstances, we think that no injustice will be worked by reversal only as to defendant Publishing Company.

The judgment of the lower court is affirmed as to defendant Theatre Service Company and reversed as to defendant Publishing Company.

Affirmed in part and reversed in part.