48 So.2d 540

## SANDEFER v. ROBINS.

### 6 Div. 912.

Court of Appeals of Alabama.

May 30, 1950.

Rehearing Denied June 20, 1950.

Chas. W. Greer, of Birmingham, for appellant.

Whitmire, Bynum & Coleman, of Birmingham, for appellee.

394

**HARWOOD, Judge.**

Trial below was on count 1 of the complaint, as amended, which claimed damages for injuries to the plaintiff resulting from the negligent operation of defendant's automobile.

The jury returned a verdict in favor of the plaintiff and assessed her damages at $750.00. Defendant's motion for a new trial being overruled she perfected her appeal to this court.

The plaintiff was injured as she was struck or collided with defendant's automobile while attempting to cross one of the downtown streets in the City of Birmingham.

As a witness in her own behalf the plaintiff below testified that she was on the northeast corner of the intersection of First Avenue and 22nd Street preparatory to crossing 22nd Street to catch a street car. She maintained that she entered the street when the traffic light was green in her direction, and walked easterly at an average gait until she was within 17 or 18 feet of the eastern edge of 22nd Street. At about this point she heard a car horn, and as she looked around she saw an automobile within a few feet. The automobile was coming on here "pretty rapid," and she was hit by it, and that was all she knew as she was knocked unconscious.

Mr. B. F. Robinson, Wreck Investigator for the Birmingham Police Department, arrived at the scene around 5:40 P. M. He was told by Mrs. Sandefer, the defendant below, that the point of impact between

her car and plaintiff was in the crosswalk between the northeast and northwest corners of the intersection. Mrs. Sandefer further stated that her automobile had not been moved after the collision from its original point of rest. The front end of Mrs. Sandefer's car was 24 feet north of the crosswalk, the direction she had been traveling at the time of the accident.

Mr. Robinson further testified that he examined defendant's car; that the left headlight glass was broken out. Otherwise he found no defects in the car.

The evidence shows that the plaintiff received substantial injuries as a result of this accident, and was hospitalized for several weeks therefor.

The plaintiff introduced the interrogatories and answers she had propounded to the defendant. The tendency of the evidence in defendant's answers was to the effect that she, the defendant, was driving north on 22nd Street. She slowed down some as she approached the intersection at First Avenue, and as the light changed she proceeded across First Avenue on a green light, looking generally to the front. She first saw the plaintiff when she ran from behind another automobile that was proceeding south and was about to enter the intersection. At this time defendant's car was going between 12 and 15 miles per hour. There was no time to sound the horn, but only time to put on brakes, and "in a swish" the plaintiff was in front of defendant's car. The front portion of defendant's car came in contact with plaintiff, who either fell or was knocked down. Defendant did not know how far her car traveled after the accident, but she was moving slowly and it could not have gone far.

Defendant stated her brakes were in good order.

She observed several other cars traveling in front of her, and there were cars headed south. There was another car traveling south at the time plaintiff ran from behind the car that was approaching the defendant. The defendant did not notice whether there were any pedestrians near the scene of

the accident, but stated that there were no pedestrians crossing over the red light but the plaintiff.

H. A. Welch, who was a passenger in defendant's automobile at the time of the accident, and William D. Powell and C. C. McCarty, who were in automobiles on the north side of the intersection waiting for the traffic light to change testified for the defense.

The tendency of their testimony was that the plaintiff ran into the street on a red light, holding a street car transfer, and passed behind one automobile moving south, which had passed into the intersection, and in front of the car immediately back of the southerly moving car, and thence back of another automobile moving into the intersection, and from thence on into the path of defendant's automobile, which was proceeding north. Defendant's automobile was moving 15 miles per hour.

We think it should be noted that Mr. Welch, the passenger in defendant's car, testified that defendant's car had been travelling about 15 miles per hour just immediately before the collision, but "at the time of the collision she wasn't travelling at all—she had stopped."

This testimony is inconsistent with defendant's statement that her car was moving at the time of the accident.

The defense also introduced the interrogatories and answers propounded to and made by plaintiff. The evidence thus produced does not materially vary from plaintiff's testimony given on the stand.

Appellant's counsel, in his brief, vigorously argues that the lower court erred in refusing defendant's request for the affirmative charge, since, as counsel contends, the evidence produced in the trial below is equally consistent with either the existence, or nonexistence of negligence on the part of the defendant.

■ In Duke v. Gaines, 224 Ala. 519, 140 So. 600, 602, the Supreme Court observed: "The general duty to operate automobile with careful and prudent regard for the safety of others is not removed by the presence of traffic lights.

\* \* \* \* \* \*

"The line of pedestrians may continue to enter the intersection as long as confronted by the green light. Those entering just before the amber light appears cannot, at usual speed, pass the center of First avenue before the green light appears facing eastbound automobiles. To say the green light is an invitation to heedlessly proceed would render the traffic signals a trap for pedestrians under such conditions."

■ In Montgomery City Lines v. Scott, 248 Ala. 27, 26 So.2d 200, 201, Justice Simpson wrote that: "The general rule is that a pedestrian is not required as precedent for recovery to keep a special lookout for vehicles when crossing a city street, but is only enjoined to exercise due care under the circumstances. And whether or not the omission to do so exhibited a want of such care is a question of fact for the jury to determine."

Section 1239(a) of the General City Code of Birmingham, 1944, provides that: "Any person driving a vehicle—on a street shall drive the same at a careful and prudent speed not greater than is reasonable and proper, having due regard to the traffic, surface and width of the street, and to any other conditions then existing."

As stated in appellant's brief, "All the evidence tended to show that the intersection in question at about the time of day the accident occurred was one of the most populous in the City of Birmingham." We might further observe that the accident occurred at about dark, and when automobile lights had been turned on.

It is our opinion that under the plaintiff's testimony, and considering the conditions existing as to traffic, and degree of light that the question of defendant's negligence in proximately causing plaintiff's injury was properly submitted to the jury.

■ We are further of the opinion that if the jury believed the plaintiff's testimony under the required rules, and the jury did apparently accept this version, that such evidence is sufficient to support the verdict rendered. We are therefore unwilling to say that the lower court erred in denying appellant's motion for a new trial, on the

grounds that the verdict was contrary to the great weight of the evidence.

Appellant's counsel further contends that the lower court erred in refusing defendant's written requested charge No. 6. The legal principle enunciated in this charge is substantially covered in defendant's written requested charge No. 9, which was given by the court. Reversible error should not therefore be cast upon the lower court because of the refusal of defendant's charge No. 6.

Affirmed.