[Civ. No. 14499.   First Dist., Div. Two.   Aug. 30, 1950.]

JAMES HARRINGTON et al., Respondents, v. CHARLES H. EVANS, Appellant.

Schofield, Hanson & Sholars, Allison E. Schofield, Raymond L. Hanson, Brunswig Sholars and Thomas M. Jenkins for Appellant.

Thomas L. Berkley, C. Wayne White, Terry A. Francois and Joseph G. Kennedy for Respondents.

NOURSE, P. J.—Plaintiffs sued for personal injuries arising from a motor vehicle collision. The defendants were named as "CHARLES J. EVANS, individually, doing business under the firm name and style of EVANS AUTO AND TRUCK RENTAL COMPANY, JOHN COFFEE." Plaintiffs were granted leave to amend the name of the individual to "Charles H. Evans." Proof was made that summons was served on Charles H. and the trial court found on conflicting evidence that that was true. The cause went to trial on the complaint and the answer of Charles H. Evans after his demurrer was overruled. The jury returned a verdict in favor of plaintiffs. Charles H. Evans appeals for himself and the Evans Auto and Truck Rental Company.

The first ground urged is that the trial court was without jurisdiction to substitute appellant and to proceed with the trial in his name. If there was any lack of jurisdiction the question was waived by his demurrer and answer on the merits. His demurrer was both general and special, thus raising the issue of the sufficiency of the complaint which bears no relation to the question of service of summons. His answer raised all the issues of fact upon which the case was tried.

In *Security etc. Co.* v. *Boston etc. Co.*, 126 Cal. 418, 421 [58 P. 941, 59 P. 296], one of the objections raised to the question of jurisdiction of the defendant on substituted service was that the complaint did not state a cause of action against the defendant. This was held a waiver of the defense of want

of jurisdiction. · In accord are *Olcese* v. *Justice's Court,* 156 Cal. 82, 87 [103 P. 317]; *Raps* v. *Raps,* 20 Cal.2d 382, 385 [125 P.2d 826]; *Judson* v. *Superior Court,* 21 Cal.2d 11, 13 [129 P.2d 361]; *Lacey* v. *Bertone,* 33 Cal.2d 649, 651 [203 P.2d 755]. In the Lacey case the court said: "This rule is ordinarily applied when the defect consists in a failure to serve summons or give the notice required to bring the party before the court originally." Thus the appellant made himself a defendant for all purposes of the trial. This disposes of the first four grounds urged by appellant because since appellant waived the question of jurisdiction it is immaterial how the substitution was made.

The fifth ground—the dismissal of the driver of the motor vehicle as a party defendant—raises a question of "prejudicial" error only. It is argued that since appellant "as owner" had the right of subrogation against Coffee the driver under Section 402(c) of the Vehicle Code, the latter should have been kept in the case for the purpose of securing a judgment against him. Appellant argues the point on the assumption that Coffee was both a necessary and an indispensable party. In this assumption he is in error. Coffee was a proper party defendant, but neither a necessary nor an indispensable one. This whole subject is discussed at length in *Bank of California* v. *Superior Court,* 16 Cal.2d 516, 520 et seq. [106 P.2d 879]. There the court (p. 521) quoted with approval Clark, Code Pleading, page 245, note 21, as follows: " 'It has been objected that the terms "necessary" and "indispensable" convey the same idea. . . . But a distinction has been drawn. While necessary parties are so interested in the controversy that they should normally be made parties in order to enable the court to do complete justice, yet if their interests are separable from the rest and particularly where their presence in the suit cannot be obtained, they are not indispensable parties. The latter are those without whom the court cannot proceed.' "

When a party is found to be indispensable it is improper for the court to proceed without bringing him in. When he is found to be a proper or necessary party proceeding in his absence is not jurisdictional but error at the most, dependent upon the circumstances. The authorities are in accord that lack of final adjudication of the liability of the operator of the car does not affect the statutory liability of the owner. This is true in such cases as where the operator

is dead or without the jurisdiction or can not be served. See *Baugh* v. *Rogers,* 24 Cal.2d 200, 220 [148 P.2d 633, 152 A.L.R. 1043], and citations. *Holland* v. *Kodimer,* 11 Cal.2d 40, 43 [77 P.2d 843]; *Broome* v. *Kern Valley Packing Co.,* 6 Cal.App. 2d 256 [44 P.2d 430]; *Sutton* v. *Tanger,* 115 Cal.App. 267 [1 P.2d 521]; *Sayles* v. *Peters,* 11 Cal.App.2d 401 [54 P.2d 94]; *Lee* v. *Deasy,* 19 Cal.App.2d 667 [66 P.2d 175]; *National Automobile Ins. Co.* v. *Cunningham,* 41 Cal.App.2d 828 [107 P.2d 643].

There was some evidence here that the operator was outside the state for several months following the accident. Appellant claims that he had returned and was living in San Francisco for some time before the trial. The matter of the diligence of respondent in endeavoring to find and serve him was a question for the trial court to decide.

The question here is further complicated by the insistence of the appellant that he was not at any time the owner of the vehicle. It was his contention throughout the trial that the vehicle was owned by one McCord and was used by appellant in his business, presumably under permission of the true owner. This defense was raised in his answer but he did not demand that McCord be made a party. His demand that the operator be made a party was refused for the reasons above stated. This situation would make a case fundamentally different from those cited which hold that when the *owner* is sued the operator should be joined and which apply section 402(c) of the Vehicle Code to cases in which the owner is sued to enforce his primary liability.

But the appellant is in no position to raise any of these questions. He pleaded in his answer and testified as a witness that he was not the owner of the vehicle. He went further and testified that the true owner was one McCord. This position is wholly inconsistent with the position of his counsel taken in some portions of his brief on this appeal. If he was not the owner at the time of the accident, he is not entitled to insist upon the right of an owner under either section 402(c) or 402(d) of the Vehicle Code. Those sections are limited to and fix the privileges of an owner—not of a bailee, a lessee or one holding merely by permission express or implied. Hence the appellant, having by his verified answer and by his testimony disclaimed all right of ownership, may not now, by way of argument alone, assume an entirely inconsistent position.

If, as his argument here implies, he was a bailee of the owner then under section 402(d) of the Vehicle Code "such bailee and such driver shall both be deemed operators of the vehicle of the owner within the meaning of subdivisions (c) and (d) of this section."

The jury returned a general verdict against appellant. It did not determine in what capacity he was adjudged liable. The sections of the Vehicle Code noted relate to the primary liability of the owner without negligence on his part. They do not purport to deny his liability for negligence—i.e., his lending the vehicle to a known incompetent or careless driver or the lending of the vehicle having serious and dangerous mechanical defects. Likewise a bailee might be grossly negligent in the same respects and his liability for damage would not be limited by the code sections. As we have said, the record does not disclose for what type of negligence, or in what capacity, defendant was held. It is sufficient that the jury could find him negligent under either theory. Hence appellant has not shown error.

Appellant's motion for judgment on the pleadings was properly denied. Plaintiffs sued the defendant as owner and Coffee as operator. If during the course of the trial defendant was shown to have been the bailee there was nothing wrong with the pleading.

The instruction stating that ownership in defendant could be inferred from the fact that he permitted the truck to be used on the public streets with the name of his company painted thereon and with no license plates, registration card, or other means of showing ownership was proper. *Tieman* v. *Red Top Cab Co.*, 117 Cal.App. 40, 45 [3 P.2d 381].

Appellant complains of another instruction telling the jury it could disbelieve his testimony as to ownership and draw the inference of ownership from proof of the facts heretofore stated. The instruction was proper in view of the distinction drawn in the definitions of "owner" and "registered owner" in sections 66 and 68 of the Vehicle Code, and it was a wise precaution on the part of the trial court to let the jury know that it was not necessary to find that the appellant was a "registered owner."

We find no prejudicial error.

Judgment affirmed.

Goodell, J., and Dooling, J., concurred.