81 So.2d 915

**SEARS, ROEBUCK & CO.**

v.

**Evelyn HAMM.**

**6 Div. 771.**

Court of Appeals of Alabama.

Aug. 9, 1955.

Lange, Simpson, Robinson & Somerville, Birmingham, for appellant.

A. W. Jones, Victor H. Smith and Pritchard, McCall & Jones, Birmingham, for appellee.

PRICE, Judge.

On January 3, 1951, plaintiff, while a pedestrian on a public street in Birmingham, Alabama, was struck and injured. by a motor truck which she alleges was being operated by an agent, servant or employee

of the defendant, acting within the line and scope of his employment.

Plaintiff's cause of action is stated in two counts, count 1 charging simple negligence, and count 2 charging wilful and wanton conduct. A demurrer to the complaint, and to each count separately and severally, was overruled and the cause was submitted to the jury on both counts of the complaint and defendant's plea in short by consent, with leave to give in evidence any matter which if specially pleaded would constitute a good defense.

From a verdict and judgment for plaintiff in the sum of $1,000 the defendant appeals.

The defendant's insistence is that there was no evidence to justify the submission of the case to the jury, in that the plaintiff failed to prove that an agent, servant or employee injured her. The further contention is that the affirmative charge should have been given as to count 1 on account of the contributory negligence of the plaintiff.

The undisputed facts are: At approximately 5:15 P.M. on January 3, 1951, during a hard rain, plaintiff was proceeding, under the proper traffic light, from the northwest corner to the southwest corner of the intersection of 17th Street and Second Avenue North. A motor truck, proceeding South on 17th Street at a rapid rate of speed, made a right turn into Second Avenue. In passing, the right side of the truck struck plaintiff, causing the injuries of which she now complains. The truck did not stop and the driver was never identified.

Plaintiff introduced the testimony of two eye-witnesses to the accident. This was the only evidence introduced by plaintiff tending to establish defendant's control of the vehicle.

Witness Wallace Gammon testified that the motor truck involved was "a good sized truck and had a top on it;" that it was light brown in color with the word "Sears" painted on the side in dark lettering; that the truck looked like a Sears, Roebuck & Company truck and was proceeding in the general direction of that company's place of business a block away. This witness did not see the operator of the truck.

Witness Patrick J. Shanehan, testifying for plaintiff on rebuttal, stated that the word "Sears" was painted on the side of the truck which injured plaintiff.

Plaintiff's testimony was that she did not see the truck either before or after it struck her.

Witnesses for defendant testified that the defendant at the time of the accident operated in the City of Birmingham seven two-ton vans and two one-half ton panel trucks; that title to these trucks was in the Dixie Drive-It-Yourself System; that Sears, Roebuck & Company operated these trucks under a lease from the Dixie Drive-It-Yourself System; that the trucks were garaged at night and serviced by the lessor; that employees of the defendant checked the trucks out in the morning for use in defendant's business and checked them back in when the need for the trucks had expired; that these were the only trucks operated by defendant in the City of Birmingham; that defendant's name was painted on the side of the trucks.

The testimony proving title to the trucks in Dixie Drive-It-Yourself System, rather than in the defendant, was uncontradicted.

There was no evidence that license plates on the trucks were issued in defendant's name.

■■ The rule is well established in this State that in an action for personal injuries resulting from the operation of a motor vehicle, proof of the defendant's ownership of the vehicle raises an administrative presumption that it was, at the time of the injury, operated by the defendant's agent, acting within the line and scope of his employment. Rogers v. Hughes, 252 Ala. 72, 39 So.2d 578; Thompson v. Curry, 36 Ala. App. 334, 56 So.2d 359. The same presumption arises upon a showing that the license plate on the motor vehicle was issued to the

defendant. Ford v. Hankins, 209 Ala. 202, 96 So. 349; Shipp v. Davis, 25 Ala.App. 104, 141 So. 366; Cox v. Roberts, 248 Ala. 372, 27 So.2d 617.

Although we have not been cited to nor have we found a decision rendered by the courts of this State expressly holding that an administrative presumption of ownership and control by the defendant is raised by evidence showing that a motor vehicle bears the defendant's name, such appears to be the majority view in this country, and recent decisions of our Supreme Court apparently recognize the existence of such a presumption. Hancock v. Liggett & Myers Tobacco Co., 253 Ala. 63, 42 So.2d 632; Stevens v. Deaton Truck Line, 256 Ala. 229, 54 So.2d 464; Harrington v. Evans, 99 Cal.App.2d 269, 221 P.2d 696; Florida Motor Lines v. Millian, 157 Fla. 21, 24 So.2d 710; Robeson v. Greyhound Lines, Inc., 257 Ill.App. 278; Bosco v. Boston Store of Chicago, 195 Ill.App. 133; Karte v. J. R. Brockman Mfg. Co., Mo., 247 S.W. 417; Myers v. McMaken, 133 Neb. 524, 276 N.W. 167; Kelley v. Hicks, 9 N.J.Super. 266, 76 A.2d 23; Lawson v. Wells Fargo & Co., Sup., 113 N.Y.S. 647; Lindenmuth v. Steffy, 173 Pa. Super. 509, 98 A.2d 242; Fullerton v. Motor Express, 375 Pa. 173, 100 A.2d 73; Kirk v. Harrington, Tex.Civ.App., 255 S.W.2d 557; Walker v. Johnston, Tex.Civ.App., 236 S.W.2d 534; Terry Dairy Co. v. Parker, 144 Ark. 401, 223 S.W. 6; Howell v. J. Mandelbaum & Sons, 160 Iowa 119, 140 N.W. 397; 98 Blash.Auto. #6056; Wigmore on Evidence, Sec. 150a.

As to the character and effect of administrative presumptions, the Supreme Court held in Tullis v. Blue, 216 Ala. 577, 114 So. 185, 187: "They are not in themselves evidence, and in practice their effect is merely to impose upon the defendant the burden of showing that the driver was not his agent, or that, if he was, he was not acting within the scope of his authority or in the course of his employment."

Where the rebutting evidence is clear, undisputed and conclusive that the operator of the vehicle was not the agent of defendant or was not acting within the line and scope of his authority, the defendant is entitled to the general affirmative charge with hypothesis. Dowdell v. Beasley, 205 Ala. 130, 87 So. 18; Tullis v. Blue, 216 Ala. 577, 144 So. 185; McCormack Bros. Motor Car Co. v. Holland, 218 Ala. 200, 118 So. 387; Toranto v. Hattaway, 219 Ala. 520, 122 So. 816; Cruse-Crawford Mfg. Co. v. Rucker, 220 Ala. 101, 123 So. 897; Mobile Pure Milk Co. v. Coleman, 230 Ala. 432, 161 So. 829; Perfection Mattress & Spring Co. v. Windham, 236 Ala. 239, 182 So. 6; Craft v. Koonce, 237 Ala. 552, 187 So. 730; Bell v. Martin, 241 Ala. 182, 1 So.2d 906.

If, however, the rebutting evidence of defendant is "weighted by circumstances tending to bring it into suspicion and doubt or is of such a character as to support a reasonable inference that the car was being operated in the owner's business or for his pleasure or benefit, the general affirmative charge with hypothesis should not be given at the request of the defendant." Cox v. Roberts, 248 Ala. 372, 27 So. 2d 617, 619; Rogers v. Hughes, 252 Ala. 72, 39 So.2d 578; Massey v. Pentecost, 206 Ala. 411, 90 So. 866; Ford v. Hankins, 209 Ala. 202, 96 So. 349; Grimes v. Fulmer, 235 Ala. 645, 180 So. 321; Chandler v. Owens, 235 Ala. 356, 179 So. 256.

Defendant's contention is that any presumption of agency arising from a showing that defendant's name is on the truck is wholly dependent upon Sears Roebuck and Company owning the truck; that where it is clearly and conclusively shown that a third party has legal title to all trucks operated by defendant in the City of Birmingham, the presumption of agency must fall and defendant becomes entitled to the affirmative charge unless the plaintiff goes forward with affirmative evidence tending to prove agency and operation within the line and scope of employment, and relies on the cases of Stevens v. Deaton Truck Lines, 256 Ala. 229, 54 So.2d 464; Venuto v. Robinson, 3 Cir., 118 F.2d 679, 681, and Constitution Publishing Co. v. Dale, 5 Cir., 164 F.2d 210, as authority for such contention.

In Stevens v. Deaton Truck Lines, supra [256 Ala. 229, 54 So.2d 470], the Truck Lines leased from one Roberts a truck tractor and trailer. The lease provided that the truck lines would have exclusive control of the tractor and trailer. The owner-lessor was to operate the vehicle in the business of the lessee truck lines. It was further provided that the lessee would buy all license and identification tags and that the truck would bear the lessee's name until the expiration of the lease. The evidence tended to show that while Roberts was on the business of the truck lines a relationship of master and servant existed. It further showed that while the lease provided for exclusive control in the lessee, the owner-lessor was allowed to use the truck for his own personal business and while so operating the tractor bearing the truck lines sign, Roberts injured the plaintiff Stevens. The Supreme Court, in an opinion by Justice Lawson, affirmed the trial court's action in giving the affirmative charge for Deaton Truck Lines in a suit joining Roberts and Deaton Truck Lines as co-defendants. The holding in this case was based primarily on the ground that Roberts, at the time of the injury, was not operating the truck tractor in the line and scope of his employment with the truck lines, but was on a purely personal mission. However, as to the presumption arising from proof that Deaton's name was on the truck, the court said:

"Any evidential value from the fact that Deaton's name was on the vehicle was removed by the concession that the vehicle was at the time of the accident owned by Roberts" and quoted from Venuto v. Robinson, supra: " 'Since a finding of agency arising out of the name on the vehicle depends upon the inference that the vehicle is owned by the person whose name appears thereon, Wigmore on Evidence, 3d Ed., § 2510a, the concession of ownership in Robinson removes any evidential value from the fact that Ross' name was on the vehicle.' "

In Venuto v. Robinson, supra, it was shown that the operator of a truck bearing Robinson's name was, at the time of the injury, an independent contractor driving his own vehicle. On the basis of this evidence the court held that the affirmative charge was properly given for Robinson as to agency.

In Constitution Publishing Co. v. Dale, supra [164 F.2d 212], where plaintiff's claim of liability rested upon the fact that the trade name "Atlanta Constitution" was written upon the truck, the Circuit Court of Appeals, in applying Alabama law, said: "Whatever the rule there [Alabama], it is not material to the decision of the case before us, for plaintiff's own evidence, introduced by way of the answers to the interrogatories, shows that Theatre Service Company was the owner of the truck and the employer of Conger. That evidence will not support a reasonable inference that the Publishing Company owned or jointly owned the truck, nor that it was the employer or joint-employer of Conger. The rule is that where a defendant produces clear and undisputed evidence that he is not the owner, he is entitled to the affirmative charge. Tullis v. Blue, 216 Ala. 577, 114 So. 185; Cox v. Roberts, supra [248 Ala. 372, 27 So.2d 617]."

It is our opinion that neither Tullis v. Blue, supra, nor Cox v. Roberts, supra, is authority for the proposition of law that "where a defendant produces clear and undisputed evidence that he is not the owner, he is entitled to the affirmative charge." In Tullis v. Blue, ownership of the vehicle was not denied and the court held that defendant was due the general affirmative charge on the clear, undisputed and conclusive evidence that the operator of the automobile was not acting as defendant's agent. In Cox v. Roberts, the court held that where, as there, the defendant makes no attempt to rebut the presumption of agency which arises upon proof of ownership of the vehicle in defendant, the plaintiff is due the general affirmative charge with hypothesis on the question of the agency of the driver of the car.

It is to be noted that in these cases relied on by appellant as authority, the rebutting evidence which entitled the defendants

to the affirmative charge went further than merely proving that the defendant did not, at the time of the injury, have legal title to the vehicle bearing its name. In Stevens v. Deaton Truck Line, supra, the evidence was clear and undisputed not only that the ownership of the vehicle was in a third party, but also that at the time of the injury the operator was on a mission of his own. In Venuto v. Robinson, the rebutting evidence not only proved ownership in a third party, but also proved that the operator of the vehicle was an independent contractor. In Constitution Publishing Co. v. Dale, supra, plaintiff's own evidence was held to prove not only that a third party owned the vehicle bearing defendant's name, but also that the operator was not an employee of defendant.

■ In the case at bar defendant's own evidence discloses that trucks bearing Sears, Roebuck & Company's business name are operated by that company's servants, acting within the line and scope of their employment on the streets of Birmingham; that while Dixie Drive-It-Yourself System has title to the trucks, they come under Dixie's control only to garage and service. In view of such facts, it does not seem reasonable that by merely proving ownership of the trucks in Dixie, the presumption of control arising from proof of defendant's name on the truck will fall.

■ We think the same presumption of agency and control will arise where it is clearly shown that the vehicle, although not owned by defendant, is used unreservedly in defendant's business. Therefore, the burden is on defendant to show by clear and undisputed evidence that his agent, servant or employee was not operating the truck in the line and scope of his employment. Silent Automatic Sales Corp. v. Stayton, 8 Cir., 45 F.2d 471; Mobile Pure Milk Co. v. Coleman, 26 Ala.App. 402, 161 So. 826.

Defendant introduced the following evidence on the question of the control of its agents over the trucks leased by it from Dixie at the time of the accident: Lewis F. Hunter testified that on January 3, 1951, he was manager of the Dixie Drive-It-Yourself System in Birmingham; that he first learned of the accident at about 5:30 on the afternoon that it occurred; that he checked the records to determine whether or not the trucks under lease to Sears, Roebuck & Company had been returned to the lessor's garage. Records of the Dixie Drive-It-Yourself System were introduced. These records show that the seven two-ton vans leased to Sears were returned to the garage before 5:00 P.M. The times that six of these vehicles were checked out and checked back in were stamped in indelible ink on the records by a machine. The seventh van, No. 427, defendant's exhibit 4, was stamped by the machine as having been checked out at 8:01 A.M. But the time the van was returned, 4:05, was not stamped by the machine but is written in pencil. On cross examination of this witness plaintiff offered in evidence the records of the Dixie Company as to units Nos. 416 and 417, identified by the witness as the panel type trucks leased to defendant, showing that these trucks were returned to Dixie Drive-It-Yourself Company at 5:51 and 5:52 respectively. The witness Hunter testified further that the panel trucks were light weight, not much heavier than a passenger car; that just prior to January 3, 1951, a new fleet of trucks was purchased for Sears, the old trucks being traded to International Harvester Company with the Sears lettering still on them.

Defendant recalled plaintiff's witness Gammon for further cross examination. This witness identified the truck involved in the accident as the large van type, rather than the smaller panel type.

■ We are of the opinion that under the evidence the question of whether or not the truck involved in the collision was operated by an agent, servant or employee of Sears, Roebuck & Company, acting within the line and scope of his employment, was for the jury's determination. Cox v. Roberts, supra; Rogers v. Hughes, supra; Massey v. Pentecost, supra; Ford v. Hankins, supra. We are further of the opinion that the evidence, under the rule announced in Cobb v. Malone, 92 Ala. 630, 9

So. 738, is not "so overwhelmingly to the effect that the presumption of agency lies against the Dixie Drive-It-Yourself System and not against Sears, Roebuck & Company that the motion for a new trial should have been granted," as contended by defendant.

■ We find no merit in the contention that a showing that the word "Sears" was on the truck did not raise a presumption of ownership and control against Sears, Roebuck & Company. There was no testimony by defendant that the trucks operated by it did not bear the name "Sears," such matter being peculiarly within defendant's knowledge. Kirk v. Harrington, Tex.Civ.App., 255 S.W.2d 557.

Defendant's contention that it was entitled to the affirmative charge as to the simple negligence count is based on plaintiff's testimony that she never saw the truck which hit her, and that her attention was centered on the traffic light rather than looking for oncoming automobiles.

■ "The general rule is that a pedestrian is not required as precedent for recovery to keep a special lookout for vehicles when crossing a city street, but is only enjoined to exercise due care under the circumstances. And whether or not the omission to do so exhibited a want of such care is a question of fact for the jury to determine." Montgomery City Lines v. Scott, 248 Ala. 27, 26 So.2d 200, 201; Sandefer v. Robins, 35 Ala.App. 393, 48 So.2d 540, certiorari denied 254 Ala. 433, 48 So.2d 542.

The trial court did not err in refusing to give at defendant's request the general affirmative charge, the affirmative charge with hypothesis or the affirmative charge as to count 1. Nor was there error in refusing to grant defendant's motion for a new trial.

The judgment of the lower court is ordered affirmed.

Affirmed.