131 So.2d 417

Leona ANDERSON

v.

HOWARD HALL COMPANY, Inc., et al.

6 Div. 578.

Supreme Court of Alabama.

April 6, 1961.

Rehearing Denied June 29, 1961.

John J. Smith and Geo. S. Brown, Birmingham, for appellant.

Lange, Simpson, Robinson & Somerville and Reid B. Barnes, Birmingham, for appellee Howard Hall Co.

STAKELY, Justice.

This is an action by Mrs. Leona Anderson (appellant) against Howard Hall Com-

pany, Inc., a corporation (appellee), and James Earl Haynes for personal injuries suffered in an automobile collision on April 5, 1958. The defendant James Earl Haynes on that occasion was driving a tractor customarily used in hauling a trailer but to which no trailer was attached at the time. The tractor collided with the automobile driven by Mrs. Leona Anderson.

At the conclusion of plaintiff's testimony the court announced that it would grant to the defendant Howard Hall Company, Inc., the general affirmative charge without hypothesis, whereupon the witnesses and counsel for Howard Hall Company, Inc., left the courtroom and the case proceeded against the defendant James Earl Haynes. At the close of all the evidence the court gave the following charge requested in writing by defendant Howard Hall Company, Inc.:

"1. The Court charges you that your verdict must be in favor of . the defendant Howard Hall Company, Inc."

The court also read the same charge to the jury during the course of his oral charge to which the plaintiff then and there excepted.

The jury obeyed the court's directed verdict as set forth in Charge 1 and returned a verdict in favor of Howard Hall Company, Inc. The jury also returned a verdict in favor of the plaintiff and against the defendant James Earl Haynes for $5,500. The judgment on the latter verdict has not been appealed, but this appeal followed from the judgment in favor of Howard Hall Company, Inc.

The evidence showed that the tractor being driven by the defendant James Earl Haynes bore the name of Howard Hall Company, Inc., and that the defendant Haynes was an employee of the defendant Howard Hall Company, Inc., by virtue of a written contract between them under the terms of which Haynes had leased the tractor to Howard Hall Company, Inc.

The sole question on this appeal is whether the plaintiff was entitled to go to the jury against the defendant Howard Hall Company, Inc., on the administrative presumption that the driver of a vehicle bearing the name of Howard Hall Company, Inc., is an employee of Howard Hall Company, Inc., acting within the line and scope of his employment.

I. Before coming to the law in the case, we think it well to state the salient facts shown by the evidence. A written lease contract described as Exhibit 1 was introduced in evidence by the plaintiff. It shows that Mr. Haynes and his co-owner (both being described in the contract as owner) leased a tractor without a trailer to Howard Hall under an arrangement cancellable at the will of either party. The tractor was to be used in hauling freight only for Howard Hall. The rental to be paid the owner was a percentage of the revenue earned by such transportation, based on a mileage rate. The owner obligated himself to pay all costs of operating and maintaining the tractor and agreed to keep the tractor in good and safe operating condition, bearing the cost of repairs for such purpose.

The accident for which the plaintiff sued occurred about 9:00 p. m. on Saturday, April 5, 1958, at a time (without any trailer and without any load) when Mr. Haynes was operating the tractor and was travelling toward Chilton County (the tractor bore a Chilton County tag) and in the opposite direction from the Howard Hall Terminal.

The Howard Hall Terminal usually closed around 1:00 p. m. on Saturday.

The tractor bore a painted sign showing that it "was leased to Howard Hall."

The records of Howard Hall, which was a common carrier, showed that the Haynes tractor pulled no load either in or out of the Howard Hall Terminal on Saturday, April 5, 1958.

As we have stated, Howard Hall rested its case at the close of the plaintiff's

testimony. It does not seem to us, therefore, that the testimony of Mr. Haynes given as a part of his own case, after objection was made, has any bearing on this appeal. It should be noted, however, that while Mr. Haynes had been to the Howard Hall Terminal, no load was given to him to carry and he was on his way home at the time of the accident, which occurred at 9:00 p. m. Saturday, April 5, 1958. Under the arrangement between him and Howard Hall, he would take the tractor home when it was not being used on business. He lived in Chilton County.

Appellant takes the position that in an action for injuries resulting from the operation of a motor vehicle, proof that the motor vehicle bore defendant's name raises an administrative presumption that the vehicle was, at the time of the injury, operated by defendant's agent, servant or employee, acting within the line and scope of his employment. Cited to support this statement are Barber Pure Milk Co. v. Holmes, 264 Ala. 45, 84 So.2d 345; Hancock v. Liggett & Myers Tobacco Co., 253 Ala. 63, 42 So.2d 632; Western Union Telegraph Co. v. Gorman, 237 Ala. 146, 185 So. 743.

The appellant takes the further position that where the injuries result from the operation of a vehicle bearing the defendant's name, the fact that the vehicle was actually owned by someone else does not destroy the administrative presumption that the vehicle was operated by defendant's agent, servant or employee, acting within the line and scope of his employment. Cited to support this statement are Sears, Roebuck & Co. v. Hamm, 38 Ala.App. 258, 81 So.2d 915; Mobile Pure Milk Co. v. Coleman, 26 Ala.App. 402, 161 So. 826.

Appellant further contends that in order to entitle the owner or user of an automobile to the general affirmative charge, the administrative presumption that the operator of the car is the servant, agent or employee of such owner or user acting within the line and scope of his employment, must be rebutted by undisputed, clear and convincing evidence that such operator either was not a servant, agent or employee of the defendant or was not acting within the line and scope of his employment at the time of the accident. Cited to support this statement are, among other cases, Rooks v. Swift & Co., 210 Ala. 364, 98 So. 16; Cox v. Roberts, 248 Ala. 372, 27 So.2d 617; Barber Pure Milk Co. v. Holmes, supra.

All of the foregoing cases, except Sears, Roebuck & Co. v. Hamm, appear to involve situations where there was proof that the defendant owned the vehicle. In Sears, Roebuck & Co. v. Hamm, supra, it was held that the administrative presumption arises where it is shown that the defendant has such an interest and control over the vehicle (although such interest is less than full ownership) that the administrative presumption is indulged where the vehicle is driven by a person who has no interest therein.

But all of the cited cases are distinguishable from the decision of this court in Stevens v. Deaton Truck Line, 256 Ala. 229, 54 So.2d 464, which we consider controlling in the instant case. In that case, as in the instant case, the driver was the owner and the defendant sought to be charged was the lessee. The lease contract in the Deaton case is set out in the opinion in that case. The lease contract in the present case is substantially similar to the lease contract in the Deaton case.

The Deaton case involved a suit by a passenger in an automobile which collided with a truck owned and driven by Walter Roberts and leased by him to the Deaton Truck Line, Inc. It was sought to establish liability on the Deaton Truck Line, Inc., under the doctrine of *respondeat superior,* but at the conclusion of the evidence offered by the plaintiff and both defendants the court granted the motion of Deaton to exclude the evidence as to Deaton and then gave the affirmative charge without hypothesis for Deaton.

We consider that the statements by this court in the Deaton case are conclusively to the effect that no administrative presumption arose under the relationship there, which is similar to the relationship here where the owner-lessor was driving the vehicle. In that case the burden of proof was upon the plaintiff to show that the vehicle at the time of the accident was operated by the driver within the line and scope of the driver's agency.

In the Deaton case the evidence showed that the name of the common carrier was painted on the vehicle. In that connection this court said:

"Any evidential value from the fact that Deaton's name was on the vehicle was removed by the concession that the vehicle was at the time of the accident owned by Roberts. In Venuto v. Robinson, supra, 3 Cir., 118 F.2d [679] 681, wherein the liability of a lessee under an agreement similar to the one between Deaton and Roberts was involved, it was said: '* * * Although the trailer bore the name of the Ross company thereon, it was conceded by the plaintiffs that Robinson was the owner of the tractor and trailer. Since a finding of agency arising out of the name on the vehicle depends upon the inference that the vehicle is owned by the person whose name appears thereon, Wigmore on Evidence, 3d Ed., § 2510a, the concession of ownership in Robinson removes any evidential value from the fact that Ross' name was on the vehicle.'" (256 Ala. 235, 54 So.2d 470)

We quote further from that opinion as follows:

"Laying aside the question as to whether it was proper to grant the motion to exclude the evidence, Johnson v. Shook & Fletcher Supply Co., 245 Ala. 123, 16 So.2d 406; Mount Vernon-Woodberry Mills v. Little, 222 Ala. 605, 133 So. 710, we come to the question of whether the trial court erred in directing a verdict in favor of Deaton. It is settled that where by the undisputed evidence plaintiff had not shown that he is entitled to recover on his complaint, a court may direct a verdict for defendant, and it is immaterial whether the jury believe the evidence or not. In either event, plaintiff has not proven his complaint. Cannon v. Louisville & N. R. Co. et al., 252 Ala. 571, 42 So.2d 340; O'Bar v. Southern Life & Health Ins. Co., 232 Ala. 459, 168 So. 580, and cases cited." (256 Ala. 231, 54 So.2d 466)

The opinion in the Deaton case recognized that liability would not be placed on the lessee-carrier without evidence that the vehicle was being operated on a mission of the carrier or for its benefit. In this connection this court said:

"But such status or relationship in and of itself was not sufficient to make Deaton liable for the negligence of Roberts under all circumstances. To recover against Deaton upon the theory of *respondeat superior* it was incumbent upon plaintiff to show that the act done was within the scope of Robert's employment and was committed in the accomplishment of objects within the line of his duties, or in or about the business or duties assigned to him by his employer. Smith v. Brown-Service Ins. Co., 250 Ala. 613, 35 So.2d 490." (256 Ala. 233, 54 So.2d 468)

While, as we have said, we will not look to the evidence given by Mr. Haynes after the plaintiff rested her case and after Howard Hall withdrew from the case, the inference can still be drawn from the evidence adduced, without objection, prior thereto that the truck was being driven to the home of Haynes in Chilton County. See Stevens v. Deaton Truck Line, Inc., supra; Smith v. Brown-Service Ins. Co., cited therein, 250 Ala. 513, 35 So.2d 490; Hays v. Deaton Truck Line, 264 Ala. 442, 87 So.2d 825.

The important factors on this appeal are that the driver was the owner of the tractor and at the time had it in his exclusive custody and control. There is no evidence that he was on any mission or business for the lessee.

In conclusion, we consider that the court committed no error in giving the affirmative charge without hypothesis for Howard Hall Company, Inc.

Affirmed.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.