This appeal will determine if the issue, of whether an owner-lessor is acting within the line and scope of his employment with the lessee motor freight common carrier, is one of fact, when a freight haul of the carrier is interrupted to allow repairs to the leased truck-tractor, and third parties are injured from operation of the tractor immediately before the freight haul is resumed.
Appellants, Ade Harbour, Katherine Harbour, Mary K. Harbour and William H. Atkins, as administrators of the estate of Crecia Ann Atkins, deceased, were plaintiffs below in an action against Colonial Fast Freight Lines, Inc. and Peggy Jo Jones Matthews, as administratrix of the estate of Billy Parker Matthews, deceased. The claims of plaintiffs arose from a collision of the automobile, occupied by Katherine and Mary Harbour and Crecia Atkins, with the truck-tractor owned and operated by Billy Matthews and leased exclusively to Colonial.
The trial court, in each action, granted Colonial's motion for summary judgment and entered final judgment in its behalf, finding no just reason for delay in the entry of that judgment. Plaintiffs appeal from those judgments. We reverse and remand.
Matthews owned a truck-tractor leased exclusively to Colonial, a certificated motor freight common carrier. By the terms of the lease, Matthews furnished the tractor, and its operator, for prompt and dependable hauling of freight for Colonial; he was to maintain it in proper operating condition; to make repairs and pay operating and maintenance cost at his own expense. Matthews agreed: to be an independent contractor; agreed there was no relationship of employer and employee with Colonial and him at any time, under any circumstances, for any purpose, and he was solely responsible for the direction and control of his employees in fulfilling his obligations under the contract.
On a Friday in December 1973, the Matthews Freightliner picked up a loaded trailer at Colonial's Birmingham terminal containing freight destined for delivery by Colonial to Elgin, South Carolina. That same day, the loaded trailer was unhitched and parked near Matthews' home at Hokes Bluff, Etowah County, Alabama, a point located geographically between Birmingham and Elgin. On Sunday, a mechanic paid by Matthews repaired the Freightliner tractor. While Matthews was road testing it, preparatory to his departure for Elgin later that day, the collision with the Harbour auto occurred; the injuries and deaths resulted.
The issue is whether under the facts it can be said, as a matter of law, Matthews was not acting within the line and scope of his employment with Colonial at the time of the accident.
The controlling principle here is: If, under any conceivable set of provable circumstances the plaintiff may recover, according to a cognizable theory of law, motions for summary judgment must be denied. Rule 56, ARCP; Horton v. NortheastAlabama Regional Medical Center, Inc., 10 ABR 1350 (1976).
Under the lease, Matthews was the employee or servant of Colonial, the employer or master. Stevens v. Deaton Truck Line,Inc., 256 Ala. 229, 54 So.2d 464 (1951). The existence of that relationship does not, however, establish that at the time of the accident Matthews was acting within the line and scope of his employment; in furtherance of the purposes of the lease with benefits inuring both to him and to Colonial. The relationship remains unaffected by an agreement between the parties that an agency does not exist. Cox v. Howard Hall Co.,289 Ala. 35, 265 So.2d 580 (1972); King v. Earley, 274 Ala. 116, 145 So.2d 831 (1962). Whether Matthews was acting within the scope of his duties, under his servant or employee relationship *Page 1102 
to Colonial as master or employer, is a question of fact — a genuine issue as to a material fact. Solmica of Gulf Coast,Inc. v. Braggs, 285 Ala. 396, 232 So.2d 638 (1970);Trans-America Insurance Co. v. Wilson, 262 Ala. 532,80 So.2d 253 (1955).
Colonial takes the position that, except while hauling freight for it, Matthews' operation of the tractor could not result in Colonial being liable to plaintiffs; that he was fulfilling an obligation under the lease in causing the repairs to be made, and road testing the tractor; there was no furtherance of the business of Colonial in doing so. Whether Colonial's position is correct is not a settled matter of law under these facts. Whether Matthews was furthering his and Colonial's mutual business while performing one of his obligations under the lease (i.e., acting within the line and scope of his employment), or was acting solely for his own benefit, is a question that the minds of reasonable men may answer differently when considering the same facts. See Cox andStevens, supra.
Those cases and Thomas v. Hubbert, 280 Ala. 302,193 So.2d 746 (1966); Anderson v. Howard Hall Co., 272 Ala. 466,131 So.2d 417 (1961); Hays v. Deaton Truck Line, Inc., 264 Ala. 442, 87 So.2d 825 (1956), and Deaton Truck Line, Inc. v. Acker,261 Ala. 468, 74 So.2d 717 (1954), cited by Colonial to support its position, are each distinguishable on a single essential point; the operator of the tractor in question was engaged in activity solely for personal benefit.
There are genuine issues as to material facts, therefore, the judgments are reversed and the cases remanded.
REVERSED AND REMANDED.
HEFLIN, C.J., and BLOODWORTH, MADDOX, FAULKNER, ALMON and SHORES, JJ., concur.